## Case No. 4,615.

### The FAIR PLAY.

[1 Blatchf. & H. 136.][1]

District Court, S. D. New York. Feb., 1830.[2]

[1] [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

[2] [Affirmed by circuit court, case not reported.]

George Sullivan, for libellant.
Daniel B. Tallmadge, for claimant.

BETTS, District Judge. There is no proof before the court that any profits have been made in the adventure. This the court cannot presume from the fact that freight was earned, as, in the point of view most favorable to the libellant, he could have no claim upon the freight until the charges and expenses of the voyage had been ascertained and satisfied. But the true character of the arrangement, as it appears by the pleadings, was one of mutual hazard and risk between the libellant and the claimant, and it is not in the power of the former to change it at his option, to a hiring on wages certain.

The contract was, in its nature, indubitably maritime. A seaman may hire for a share of the earnings of a voyage, in lieu of a stipulated sum, and his interest and compensation under such a contract will be wages, and be recoverable in that name. Abb. Shipp. (Ed. 1829) 432; The Frederick, 5 C. Rob. Adm. 8. It is, however, the adjusted balance to which his interest attaches, and he has no property or right in anything beyond that. Abb. Shipp. 432, note. The equitable claim of a seaman to earnings in an adventure, which are not liquidated, cannot assume the privilege of wages, so as to attach as a lien to the vessel, subjecting it to arrest and detention to abide the winding up of such transactions. This doctrine is maintained in the case of The Sydney Cove, 2 Dod. 11. When the voyage is terminated, and the profits, if any, have been ascertained

on an adjustment of the accounts, the proportion of those profits which belong to the seaman is wages, and may be sued for and recovered as such in admiralty or at law. Wilkinson v. Frasier, 4 Esp. 182; 1 Chit. Com. Law, 359. A proceeding in rem is not a method allowed to be taken to compel an accounting. A vessel cannot be seized and detained to ascertain, on the settlement of accounts, whether the seaman has a claim against her. There must be positive evidence that wages are due, to justify that process. The 2d section of the act of congress of June 19, 1813 (3 Stat. 2), which gives a remedy in rem to fishermen for their shares of a fishing voyage, plainly imports that courts of admiralty are incompetent to afford that kind of relief without the authority of a positive statute.

Whether an admiralty court can entertain an action of account, on a libel in personam, is exceedingly doubtful, but that point is not raised for decision in the present case.

The libellant having failed to make out a claim which is a lien on this vessel, his libel must be dismissed, with costs.