### WILLIAMS ET AL. *v.* BANKHEAD.

1. The bare title of a cause at the head of one or two orders of court—these being the only parts of a record in a concurrent proceeding sent here—in which orders the defendant is stated to be G. M. "*et al.*" is not sufficient to show that a partner of G. M., to wit, one J. B.—not anywhere named in any portion of the record sent, was a defendant and party to the proceeding.

2. Where a proceeding in equity concerns the disposal of a specific fund, a person claiming the fund, and liable by a decree to have it wholly swept from him, is an indispensable party.

3. The general rules in equity relative to parties and the qualifications to the rules stated.

APPEAL from the Circuit Court for the Eastern District of Arkansas; the case being thus:

In 1853, James H. Branch, a cotton planter, in Desha County, Arkansas, opened an account with George McGregor, Nathan Alloway, and James Bankhead, of New Orleans, partners, under the name of McGregor, Alloway

---

& Co., commission merchants, and in that and subsequent years became largely indebted to them for advances and supplies. In 1854 he executed to them an open mortgage on his plantation and slaves to secure all balance of indebtedness, whatever it might be from time to time. In 1859 the firm sued him in the Circuit Court of the United States for the Eastern District of Arkansas for an alleged balance of $20,000. He denied that he owed more than $8000, and in 1860 he filed a bill in the court below for an injunction and an account, referring incidentally to the mortgage which he had given, as part of the history of their transactions. Bankhead, already mentioned as a member of the firm of McGregor, Alloway & Co., and who finally succeeded to the entire interest in it, filed an answer to the bill, giving his version of the accounts, and praying a foreclosure of the mortgage and sale of the plantation to pay the balance due. It seemed that a cross-bill was also filed by him, but it was not contained in the record as it came to this court. The civil war having suspended the proceedings, the case was redocketed in 1866. Branch died in 1867, and his administrator, one McNiell, revived the original chancery suit in his own name. In 1870 Bankhead filed a supplemental cross-bill, alleging that he had learned that Branch, when he gave the mortgage, did not have a complete title to the plantation, but only a contract for the purchase thereof, which he had not complied with, and that by proceedings in the State court of Desha County it had been decreed that, unless the balance of purchase-money was paid, the property must be delivered up to the vendor (one Isaac Bolton), and that the payments which Branch had made, amounting to $3666.66, with interest from 1854, should be refunded to his said administrator, McNiell; and that by subsequent proceedings in the same case, wherein the administrator had allowed a decree to be taken against him *pro confesso*, this sum was directed to be paid to Mary, the widow of the said James H. Branch, under a pretended marriage settlement. This supplemental bill of Bankhead submitted *that the decree did not conclude his, Bankhead's, rights, " as he was not a party*

*thereto*, and the merits of *his* cause were not in fact adjudicated by the court, as he in fact knew nothing of the pendency of the claim or suit at the time." He now prayed, therefore, that this money might be paid to him on his claim. McNiell, the administrator of Branch, Seth Bolton (devisee of Isaac Bolton, the vendor of the plantation), and one Williams, the tenant in possession of the plantation, were made parties to this supplemental cross-bill. They answered it and excepted to it, and it was ordered to be struck from the files.

McNiell, in his answer, referring to the $3666.66, and undertaking to give a history of it, and mentioning as part of the same that Bolton had agreed to sell to Branch for a much larger sum, payable in instalments, a plantation on which James H. Branch paid the $3666.66 on account, giving bond with a certain Joseph Branch as security for the remaining instalments, continued thus:

"The remaining instalments upon said land being due and remaining unpaid, Bolton commenced a suit in chancery in the Desha Circuit Court to enforce their payment against said land, and made the said James H. Branch, Joseph Branch, George McGregor, Nathaniel Alloway, and said *James Bankhead, all parties defendant to said suit*, the said James H. and Joseph Branch as resident, and the said McGregor, Alloway & Bankhead as non-residents of the State of Arkansas, and filed with his bill the proper affidavit that said McGregor, Alloway & Bankhead were non-residents; that *all* of said defendants were *notified of said suit according to law*, the resident defendants by process, and the said non-resident defendants by order of publication, duly executed by advertisement, as required by law, and proof thereof regularly made and filed with the papers of the cause."

It appeared from the answers of McNiell and Williams to the supplemental cross-bill, and to a subsequent petition filed by Bankhead, that the plantation had come to the possession of Williams under the widow of Branch, and that he held by virtue of a lease from her, at the same time having a contract for the purchase of the property from the administrator as soon as the widow's claim should be satisfied.

A portion of the proceedings and a copy of the decree in the Desha County Court were annexed to the said cross-bill. It showed quite clearly that the widow and minor children of Branch had appeared in that suit, and that the former had filed a cross-bill setting up her claim to the land or to the fund in question, which had been adjudicated in her favor. But the name of *Bankhead* was nowhere specifically mentioned as a party to the proceeding. There did, however, appear these following orders of court, in the caption or style of which the name of his partner, McGregor, was mentioned:

" STATE OF ARKANSAS,
        COUNTY OF DESHA.

" Be it remembered that at a Circuit Court begun and held in and for the county of Desha, on the chancery side thereof, &c. . . . present and presiding, the Hon. W. M. Harrison, judge.

" Court was proclaimed in due form of law, when the following proceedings were had, to wit:

ISAAC BOLTON ⎫
*v.* ⎪
JAMES H. BRANCH, JOSEPH BRANCH, AND ⎬
*George McGregor.* ⎭

" On this day, on motion, the mandate and opinion of the Supreme Court of Arkansas is filed, which opinion and mandate is in the words and figures following, to wit:

" STATE OF ARKANSAS,
        IN THE SUPREME COURT, SCT.

" Be it remembered, that at a term of the Supreme Court of the State, begun and held at the court-house in the city of Little Rock, on the first Monday in October, A.D. 1866, among others were the following proceedings had, to wit:

ISAAC BOLTON, APPELLANT, ⎫
*v.* ⎪    Appeal from Desha Circuit
JAMES H. BRANCH, JOSEPH BRANCH, *George* ⎬    Court, chancery.
*McGregor et al.*, APPELLEES. ⎭

" This cause came on to be heard upon transcript of the record of the Circuit Court of Desha County, in chancery, and was argued in this court by the solicitors of the parties. On consideration whereof," &c.

In April, 1871, a decree was pronounced in the Circuit

Court below, in favor of Bankhead for $8000, with interest from 1860, with a direction that McNiell, the administrator of Branch, as soon as he should receive from Bolton the sum of $3666.66, and the interest thereon, which by the State court had been decreed to be refunded, should pay it over to Bankhead, and leave was given to the latter to institute such further proceedings against Bolton, or others in possession of the plantation, as might enable him to obtain the benefit of this decree.

In pursuance of this last permission, Bankhead immediately filed a petition against McNiell, Bolton, and Williams, alleging a conspiracy between them and the widow of James H. Branch, and one Cash, administrator of Isaac Bolton, the vendor, to defraud him, Bankhead, out of the said sum of $3666.66, by procuring the same to be paid over to the said widow, upon a pretended claim set up by her. The petition further alleged that the decree made by the Desha County Court, awarding the said money to her, was fraudulently procured, he, Bankhead, not being a party to the proceedings. The petition prayed for a decree against Bolton, to compel him to pay the money into court or to the petitioner, and for a receiver to take possession of the land and receive the rents. The widow and Cash were not made parties, because, as the petition alleged, they did not reside in the State of Arkansas. The defendants who were made parties answered the petition, setting up, amongst other things, that the widow was an indispensable party to the proceedings, and that the decree of the Desha County Court was conclusive in her favor.

The court below decreed in favor of Bankhead, and that unless the defendants should pay to him the said sum of $3666.66, with the interest due thereon, by a certain day, the plantation should be sold to satisfy the original decree.

Appeals were taken from both the original and supplemental decrees.

*Mr. A. H. Garland, for the appellants:*

1. The court below had no jurisdiction. The whole ques-

tion had been settled by a decree in the State court for Desha County, in no wise annulled. Though the extracts which the record before this court give us of the proceedings in the State court are not full, they are enough to show that Bankhead was a party. The captions or titles to the orders are sufficient proof of who the parties to the case were. In the title to the mandate of the Supreme Court George McGregor *et al.* are expressly mentioned as the defendants. Who were these "*al.?*" Who could they be but the other partners of the firm? Bankhead, of course, included as the one chiefly or alone interested. Although in the caption of the case in the Desha County Court, the "*al.*" is omitted, yet the suit is palpably that same one which has come down from the Supreme Court, where the "*al.*" is set forth. The omission is a plain clerical error, amendable, and to be amended, by what appears in the caption meant to be copied; for the caption in the inferior court was to be the same as that in the superior, if the last was right. That the last was right is certain, for McGregor had nothing to do with the suit but in connection with the firm of which Bankhead was a member even more than he.

2. But, however this may be, it is quite plain that the widow should have been made a party. She claimed this money, and had a judicial decree awarding it to her. The proceeding below sweeps it all away from her, without her having had a chance to be heard. The law will not endure this.

*Messrs. Clark and Williams, contra:*

1. The captions or titles to the orders of court prove nothing but that the clerk made such captions. Even if James Bankhead's name was set out specifically and at large, as a defendant, the fact would not show either that he was served or that he voluntarily, in some way, personally or by counsel, appeared. And unless he did so in some way appear, he is not concluded by the decree in the Desha County Court.

2. The widow is not a necessary party to the present suit.

This court would only refuse to proceed when it is evident that the subject-matter cannot be disposed of, and ample justice done.*  Her interest is set out fully in the record, and being junior to that of the appellee cannot be maintained here, unless this court shall consider itself *absolutely concluded* by the State court decree, in which event the relief prayed would be refused on that account, whether or not she was a party.

The most that could happen by her not being made a party would be the exposure of Bolton and McNiell, to be called on by her after having paid the money to Bankhead. But the facts of the case, and the decree of this court, would be their answer.

Mr. Justice BRADLEY delivered the opinion of the court.

In this case James Bankhead obtained a decree for $8000 due him from James II. Branch, and for the specific application by way of payment to him on said decree of $3666.66 due to Branch's estate, for the reimbursement of money paid by the latter on a plantation which he had mortgaged to Bankhead, but for which he had never acquired full title. The State court of Desha County, in a suit brought therein, had decreed that the plantation must be delivered back to the vendor, and that the latter must refund the amount paid on it, which was the sum above stated.  The State court, on a cross-bill filed by Branch's widow, had also decided that the reimbursement-money was in equity payable to her as her separate property under a marriage settlement.  But the Circuit Court in this case, in which the widow was not a party, decreed that the same fund should be paid to Bankhead, to whom Branch had mortgaged the plantation, and, in case it was not paid by the vendor in a certain time, the plantation should be sold to raise the amount due on the mortgage.  The excuse for not making the widow a party was that she did not reside in Arkansas and could not be served with process.

---

* Payne *v.* Hook, 7 Wallace, 431.

The parties actually before the court were one McNiell, the personal representative of Branch, Bolton, the devisee of the vendor of the plantation, and Williams, the tenant in possession of the plantation, who had rented it from the widow of Branch, she having retained possession under the alleged marriage settlement. On the other hand, the defendants contended (and that is one ground of appeal) that Bankhead *was* a party to the proceedings in the State court and was bound by the decree there made. This, however, was controverted by him.

The other ground is that the widow of Branch is an indispensable party in this case.

As to the first ground, it is undoubtedly true that Bankhead would be bound by the decree of the State court if he was a party to the proceedings. But he alleges that he was not a party, and the proof on the subject is not sufficient to show that he was a party. The record of the proceedings in the Desha County Court (since the war) was put in evidence, and is before us. It contains nothing to show that Bankhead, or his copartners, were parties to the suit, except the bare title of the cause at the head of one or two orders, in which the names of George McGregor, in one case, and George McGregor *et al.* in another, appear as defendants. Neither the original petition nor complaint, the process, nor anything else that would give light on the subject, is contained in the record as given to us. In the answer of McNiell to Bankhead's amended and supplemental cross-bill, which was struck from the files, it is positively alleged that he and his partners were made parties to the proceedings in the Desha County Court as non-resident defendants, and that a regular order of publication for their appearance was made and published, and that they actually knew of the suit and took part in it. But these allegations were not responsive to the bill, and we have nothing else on the subject sufficiently explicit to show the truth of the case.

The other ground of appeal, namely, that the widow was an indispensable party, presents a more serious question. On the one hand it is said that, not being a party, her rights

were not concluded; and that the only inconvenience arising from proceeding with the case without her was the double liability to which Bolton and the administrator of Branch became exposed by having to pay her and Bankhead both, under contrary decrees of different courts. The general rule as to parties in chancery is, that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of public policy and the necessities of particular cases. The true distinction appears to be as follows: First. Where a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. Secondly. Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him if he can be reached. Thirdly. Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant.

In the present case, if the question were one of mere personal liability on the part of Bolton, McNiell, and Williams, it might have been admissible to proceed without making the widow of Branch a party, inasmuch as she was not a resident of Arkansas, and could not at the time be made a party in the Circuit Court without being served with process in the district of Arkansas or voluntarily appearing to the suit. The act to further the administration of justice, by which an order of publication for the appearance of non-resident defendants is provided for, if it would apply to the case, had not then been passed. But this is not a case of mere personal liability. It concerns the disposal of a specific fund, in which the widow claims an interest. If the sum of $3666.66 mentioned in the decree is not paid, the plantation is directed to be sold in order to raise the amount of

Bankhead's claim. And this plantation is in the possession of the widow by her tenants. She is to receive the rents and profits thereof until her claim is satisfied by the payment of the said sum of $3666.66 and the interest due thereon, awarded her by the Desha County Court. Her interests, therefore, are directly affected by the decree.

Under these circumstances we think that she was an indispensable party. The decree, therefore, must be REVERSED, and the cause remanded to be proceeded in

ACCORDING TO LAW.