## KENDIG *v.* DEAN.

A., a citizen of Tennessee, filed his bill in the Circuit Court of the United States, sitting in that State, against B., a citizen of Ohio. A corporation created by the laws of Tennessee was an indispensable party to any relief to A. which a court of equity could give. The court, on a final hearing upon the pleadings and proofs, dismissed the bill. *Held,* that the dismissal should have been without prejudice.

APPEAL from the Circuit Court of the United States for the Western District of Tennessee.

The facts are stated in the opinion of the court.

The cause was argued by *Mr. Philip Phillips* for the appelant, and by *Mr. H. T. Ellett* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This suit was brought against Dean, a citizen of Ohio, by Kendig, a citizen of Tennessee. The controversy related to one hundred and eighty-four shares of the stock of the Memphis Gas-light Company, a corporation created by the latter State. The company was not made a party to the suit. A demurrer to the bill was overruled; and the court, upon a final hearing on the bill, answer, exhibits, and depositions, dismissed the bill. Kendig thereupon appealed here.

We are of opinion that the Circuit Court had no jurisdiction to try the case, because the gas-light company was an indispensable party to the relief sought in the bill, or to any relief which a court of equity could give.

The substance of the bill is that the complainant was the owner of the shares in question, and that while he so owned and held them, and during the late civil war, the defendant " obtained possession of the books and control of the offices of the company, and being so in possession and control, wrong-

fully and fraudulently procured and obtained to be made a transfer upon the books of the company to his own name as owner, and from the name of your orator, the said one hundred and eighty-four shares of stock, and the issuance to him of a certificate of said stock, and the cancellation of the certificate of his stock belonging to and in the name of your orator." It is further alleged that this was done without purchase from, or consideration given to, the complainant, and without any lawful authority.

The relief prayed is, " that the said capital stock may be restored to your orator, and deemed to be of his property ; and that all the right and title thereto may be divested out of said Dean, and vested in your orator ; and that said Dean may be compelled to cause and authorize the transfer of said stock to be made on the books of the company to your orator, and may be enjoined from making or authorizing to be made a transfer of any of the stock to any other person ; and that other suitable relief may be granted to your orator." The original certificate of stock is in possession of the complainant, as he declares in the bill, and is annexed to it as an exhibit.

It also appears that the corporation, at the time the suit was brought, had a president, a board of directors, and a secretary. This suit is not brought to recover the dividends received by Dean which ought rightfully to have been paid to the complainant. No such relief is asked, and there is no averment that any dividends were declared or paid to Dean on that account. Nor is it brought to recover damages for the wrongful seizure and conversion of the complainant's property to the defendant's use.

The relief appropriate to either of these grievances might have been sought in an action at law. It is not an action to obtain from Dean the specific certificate of stock, for that remains in the complainant's possession.

The *gravamen* of the charge is that Dean, while in possession of the books and in control of the offices of the company, caused a transfer to be made on its books to him of the shares of its stock owned by the complainant. The relief asked is the restoration of the stock on those books to the name of the complainant, and the future recognition by the company of his

rights in the stock.    And the court is asked to compel Dean to do this.

Suppose that the court had rendered a decree in the exact language asked for, and Dean should be attached for contempt in refusing to perform it.   He could answer very truly that he was not the gas-light company, and had no control of its books or its officers; that he had no means of compelling it to make transfer of this or any other stock on its books; and that it was a corporation governed by its own officers, and was not bound by the decree of the court, and would not perform it.   The court would find itself in the position of having made a decree it could not enforce, of attempting to give a relief which was beyond its power, because the party whose action was necessary to that relief was not a party to the suit.

On the other hand, if the company had been a party to the suit, and the complainant had sustained the allegations of his bill by proofs, the company could have been compelled to restore him to the ownership of the stock on its books, and to treat him in future as one of its stockholders, Dean and it would have been bound by the decree.   As it is, the specific relief sought is not within the power of the court, nor, in the absence of the company, is any relief within the equity jurisdiction of the court which can arise out of the frame of the bill.

The rules which govern the Circuit Courts of the United States sitting in chancery, in cases like this, have been well defined in *Shields* v. *Barron* (17 How. 130) and *Barney* v. *Baltimore City*, 6 Wall. 280.

In the latter case, it is said that there is a class of persons who may or may not be made parties to the suit at the discretion of plaintiff, without being noticed by the court.   A second class, who, if their interest is brought to the attention of the court, it will, before deciding the cause, require them to be made parties if within its jurisdiction, but who are not so necessary to relief that their absence defeats the jurisdiction. " And there is a third class," says the court, " whose interests in the subject-matter of the suit, and the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, with-

out which the court cannot proceed. In such cases, the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction." The case before us comes plainly within the language here used. The gas-light company is an indispensable party to the relief sought by this bill.

The Circuit Court, although it dismissed the bill, did so on the merits, and that decree would bar the complainant from any other suit in which Dean's right to this stock might be contested. It should have been dismissed without prejudice, for want of a necessary party who was not brought before the court.

The decree, as in the precisely similar case of *Barney* v. *Baltimore City* (*supra*), and in the more recent case of *House et al.* v. *Mullen* (22 Wall. 42), must therefore be reversed, and the cause remanded with directions to dismiss the bill without prejudice; and it is

*So ordered.*