By the Court.—Freedman, J.
In this case the plaintiffs appeal from so much of the judgment as dismisses the complaint as to the defendant Mary Kent with costs, and the respondent moves for a dismissal of the appeal on the ground that the right of appeal has been waived. The appeal and the motion were heard together, -and the material facts are as follows:
The plaintiffs leased to Mary Kent certain premises for *136 two years from May 1, 1877, at a certain rent, and the lease was secured by a bond conditioned for the prompt payment of the rent.
The complaint alleged the execution of the lease by Mary Kent, her covenant to pay rent, possession under the lease, and default in the payment of the rent, and then also alleged the making of the joint and several bond by the three defendants in this case, conditioned for the payment of the rent. The defendant Mary Kent answered by interposing a general denial.
On the trial it appeared that the bond had been executed by the other two defendants, but not by the defendant Mary Kent, the lessee. The counsel for the defendants then objected to the admission of the lease in evidence as against Mary Kent on the ground that the action was on the bond which had not been signed by Mary Kent. The trial judge gave it as his opinion that the complaint should be amended and that, if it was insisted upon to introduce the lease in evidence, the complaint should be dismissed as against Mary Kent. The ruling then and there actually made, however, to which the plaintiffs excepted, only went so far as to sustain the objection to the admissibility of the lease.
After further proceedings the case was finally disposed of as to all the defendants, so far as that particular trial Avas concerned, and in the course of such final disposition the complaint Avas dismissed as against Mary Kent, and to such dismissal no exception was taken. This state of facts would justify an affirmance of the judgment, irrespective of tire correctness of the ruling, if the right of appeal had not been waived.
But it further appears that such right was waived. The case shoAvs that during the last stage of the trial the defendant’s counsel objected to the introduction of the bond in evidence on the ground that it varied the contract alleged in the complaint, and on the further ground that the paper was a defective and incomplete contract, because it had not been executed by all of the *137 parties named as obligors. Plaintiffs’ counsel then asked to be permitted to amend the complaint so that it should conform to the facts, which motion was granted, and thereupon the complaint was dismissed as against Mary Kent without exception being taken, and plaintiffs’ counsel consented to serve an amended complaint as to the other defendants within three days, and der fendant’s counsel consented to serve an answer to such amended complaint within ten days thereafter, all of which was embodied in an order subsequently duly entered. Moreover, the affidavit of the respondent’s attorney on which the motion to dismiss the appeal was made, distinctly states that the dismissal of the complaint as to Mary Kent and the permission to the plaintiffs to serve an amended complaint, were granted without objection having been made by either party; that subsequently the plaintiffs, did serve an amended complaint against the other two defendants, and said defendants answered the said amended complaint, and that thereupon the plaintiffs noticed the new issue so joined for trial. These statements are not denied by any counter affidavit. Under these circumstances it must be held that plaintiffs’ right of appeal, if any ever existed, was waived.
The appeal should be dismissed with ten dollars costs.
Sedgwick, Ch. J., and Truax, J., concur.