HAYS *et al. v.* HUMPHREYS *et al.*

(*Circuit Court, W. D. Missouri, C. D.* January 14, 1889.)

EQUITY—PARTIES.
Complainants, who claimed title to certain lands by virtue of a mortgage and foreclosure thereunder, sought to have defendant declared trustee of the land to their use, alleging that one S. had been furnished with money to pay off a judgment lien on the land, and that in violation of such trust he had bought the land for himself at the execution sale, and pending the foreclosure proceedings had conveyed to defendant. In the deed from S. the name of the grantee was omitted, and it appeared that S. was not bound by the foreclosure proceedings. *Held,* that S., being a resident of the state, should be made a party.

In Equity.
*Smith, Silver & Brown,* for appellants.
*Amos S. Smith* and *Geo. T. White,* for respondents.

PHILIPS, J. This is a bill in equity to have respondents declared trustees to the use of complainants of certain lands situated in Hickory county, this state. The controversy grows out of about the following state of facts: The land formerly belonged to one F. V. Thomas, who sold the same to one Emily Hays of Indiana. Mrs. Hays conveyed to one Susannah Stewart, taking her note for the purchase money, and a deed of mortgage on the land to secure the same. Mrs. Stewart assigned and transferred this note and mortgage to one Samuel M. Hays of Indiana. In 1875 said Samuel Hays died testate, as is alleged, in the state of Indiana, making the complainants executors of his will. The bill further discloses the fact, that at the time of the sale of this land by Thomas to Emily Hays the land had been attached for the debt of Thomas, which fact was then unknown to Mrs. Hays, as also to Mrs. Stewart when she bought. On discovery of this fact, the bill alleges that money was furnished by Mrs. Hays or Thomas to one Adam Stewart, who was going from Indiana to Hickory county, Mo., to pay off this attachment lien; and that he agreed and undertook to attend to the same. But in disregard of his promise and duty in the premises, he not only neglected to so pay off said lien, but at the sale of the land under the judgment in the attachment proceeding he became the purchaser thereof, and received to himself the sheriff's deed therefor, in violation of his trust, and in fraud of the rights of the mortgagee. Said executors, in

1879, instituted suit in this court against Susannah Stewart and husband, to foreclose said mortgage.. Decree accordingly, under which the complainants became the purchasers, and received a deed therefor from the marshal. During the pendency of this foreclosure suit Adam Stewart executed and delivered a deed, so called, to the respondent Nancy C. Humphreys, who is married to her co-respondent, Henry Humphreys. The bill charges that Mrs. Humphreys took with notice of the trust relation of Adam Stewart to the mortgagee, and in collusion with him, to further his fraudulent design against the said mortgagee. The answer puts in issue the allegations of fraud and notice, as also the averment of the payment to Adam Stewart of the money with which to satisfy said attachment lien, and his promise to attend thereto. The answer also alleges that in the imputed deed from Adam Stewart to Mrs. Humphreys there was no grantee named. An examination of the so-called deed from Adam Stewart shows that no grantee is named therein. In this respect it is a blank. At law such an instrument is void, and conveys no title. 3 Washb. Real Prop. 242, etc.; *Garnett* v. *Garnett*, 7 T. B. Mon. 547; *Chase* v. *Palmer*, 29 Ill. 307. Nor does the covenant of warranty create any estoppel against Adam Stewart in such case. *Kercheval* v. *Triplett*, 1 A.. K. Marsh. 369, (496.) The utmost that can be claimed for the instrument is that in equity the right to the land passed to Nancy Humphreys. The legal title remaining in Adam Stewart, no decree made herein could affect that legal title, as he is not made a party defendant in this action. Nor was this legal title concluded or affected by the decree of foreclosure between complainants and the Stewarts. While Adam Stewart was named as a party defendant, the record presented to this court fails to show any service of summons upon him, or any appearance by him. The decree does not contain any recital of service of summons, or appearance by him. It merely foreclosed the equity of redemption of Susannah and Henry Stewart.

The question, therefore, presents itself for answer at the very threshold of this investigation: Should the court proceed to judgment without the legal presence of Adam Stewart? Concede that the court could by its decree conclude whatever interest Nancy and Henry Humphreys acquired in the land, in what attitude would it leave the complainants? In the foreclosure proceeding they might have made Adam Stewart a party defendant, and possibly concluded the controversy as to this land, although he may have conveyed *pendente lite*. Again suing to reach the end of their trouble respecting the title, by leaving him out, they would at the end of this litigation still be without the legal title. One of the principal offices of a court of equity would be unfulfilled,—the prevention of a multiplicity of suits, and the putting an end to litigation. The equity rules as to proper and necessary parties are succinctly stated by Mr. Justice Bradley, in *Williams* v. *Bankhead*, 19 Wall. 571, as follows:

"The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of pub-

lic policy, and the necessities of particular cases. The true distinction appears to be as follows: *First.* Where a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. *Secondly.* Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party, if possible; and the court will not proceed to a decree without him if he can be reached. *Thirdly.* Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

The relation of Adam Stewart to this litigation brings him, in my opinion, within the second of these rules. Although a decree herein, in his absence, would not bind him, he is certainly an interested party. He holds the legal title to the land in controversy. In *Gaylords* v. *Kelshaw*, 1 Wall. 81, it is held that in a bill to vacate a conveyance made without consideration, and in fraud of creditors, the fraudulent grantor is a necessary defendant in the bill. This not only because it is his debt and insolvency that is to be inquired into, but for the further reason that "it is his fraudulent conduct that requires investigation." The whole groundwork of complainants' bill is the imputed wrong-doing of Adam Stewart in buying in the land under the attachment suit in bad faith, and in fraud of the rights of the mortgagee. That is the matter to be investigated throughout; and any decree in favor of complainants must find as its basal fact the existence of the fraudulent conduct of Adam Stewart. And, he being the holder of the legal title, which must be divested to end this litigation, why proceed without him, provided it be possible to bring him in? It appears from his deposition taken herein that he is a citizen of this state. " He can be reached," and therefore he ought to be made a party defendant. Other technical objections are made to this bill by respondents. They will be reserved, however, to the final hearing, when all the necessary parties are before the court. On payment by complainants of the costs made in this court after the appearance of respondents, except such as have been heretofore adjudged against respondents, they may, if they so desire, file an amended bill making said Adam Stewart a party defendant.