## WOODWARD v. McCONNAUGHEY.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1901.)

No. 621.

1. APPEAL—WAIVER OF RIGHT.

The right to appeal from a final decree dismissing a bill at the end of the time specified in an order sustaining a demurrer thereto, and granting leave to amend, is not waived by electing to stand on the bill as it was, instead of amending it within the time limited.

2. PARTIES DEFENDANT—TRUSTEE HOLDING LEGAL TITLE.

Where the complaint avers that the legal title to property in controversy is vested in one who is not a party to the suit, the necessity of making him a party is not dispensed with by an averment that his interest is that of a trustee for the defendant.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

T. O. Abbott, for appellants.

William H. Brinker and Richard Saxe Jones, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellants were the complainants in a bill brought to set aside a tax title to their property acquired by J. W. McConnaughey, one of the appellees, and to rescind and set aside a quitclaim deed of said property made to the said McConnaughey by the appellants, on the ground that it was made under mistake, and induced by fraud. The defendants demurred to the bill upon several grounds, one of which was that it appeared from the allegations of the bill that one Isabel C. Jones was a necessary party to the suit, but was not made a party thereto. The demurrer was sustained, and at the same time the complainants were given leave to amend the bill within 30 days thereafter. They failed to amend within the time specified, and thereupon a decree was entered dismissing the bill. From that decree the present appeal is taken.

A motion is made to dismiss the appeal upon the ground that the appellants had waived their right to appeal from the final decree by requesting leave to amend or to plead further after the court had sustained the demurrer to their bill. In support of the motion the appellees cite McElwain v. Willis, 9 Wend. 548; Mayor, etc., v. Kent (Super. N. Y.) 4 N. Y. Supp. 802; Austin v. Wauful (Sup.) 13 N. Y. Supp. 184; Supply Co. v. Brand, 7 Wash. 357, 35 Pac. 72; and Hall v. Skavdale, 21 Wash. 203, 57 Pac. 807. We think the motion should be denied. The appellants are not in the attitude of availing themselves of the decree of the circuit court, and at the

same time appealing from it. The evidence of a waiver of the right to appeal must be clear and decisive. 2 Enc. Pl. & Prac. 173, and cases there cited. All that the appellees can claim from the record in support of their motion to dismiss is that at the time when the court ruled upon the demurrer the appellants obtained an order permitting them to amend their bill within a specified time, and that at the end of that time, instead of availing themselves of the permission, they elected to stand upon the bill as it was, and that thereupon the bill was dismissed. It was not dismissed for want of prosecution or for default of the appellants, as was the case in the Washington decisions cited by the appellees. The effect of the dismissal is substantially the same that it would be if there had been no permission to amend, and the decree had been entered immediately upon the order sustaining the demurrer.

Concerning the interest of Isabel C. Jones in the subject of the controversy, the bill alleges that prior to February 24, 1895, certain mechanics' liens, amounting to $8,384, were filed against the property in litigation, and that on that date suit was brought to foreclose the same; that a decree foreclosing said liens was rendered, and that the decree and all rights thereunder were purchased by and assigned to Isabel C. Jones; and that thereafter, in pursuance of said decree, the property was sold and conveyed to the said Isabel C. Jones. The appellants contend that Isabel C. Jones is shown to be an unnecessary party to the suit by other averments of the bill, which allege that the money to purchase said decree was furnished her by J. W. McConnaughey, and that she was a nominal purchaser only, and was in reality acting as trustee for McConnaughey, and that the transaction was carried on in her name solely for the purpose of concealing the facts, and that McConnaughey is a trustee for the appellants under said decree, execution, and sale. These allegations do not change the aspect of the case so far as it concerns the necessity of making Isabel C. Jones a party. The complainants cannot aver that the title to the property which is the subject of the suit is vested in one who is not a party to the suit, and dispense with the necessity of bringing him before the court by averring that his interest is that of a trustee for one of the defendants. The trustee is nevertheless a necessary party. So far as the allegations of the bill are concerned, the decree foreclosing the liens was a valid decree, and the title acquired thereunder is the title to the whole of the real estate which is in controversy in the suit. If it be not true, as alleged in the bill, that the title vested in Isabel C. Jones is held in trust for the appellants, it follows that the court is called upon to deal with property in which neither the appellants nor the appellees have any interest. The court can afford the relief which is prayed for only by finding that Isabel C. Jones holds the title in trust for McConnaughey. This it cannot do unless she is brought into the suit. Equity rule 47, it is true, permits a relaxation of the chancery rule as to parties in cases where a necessary party is without the jurisdiction of the court, or where his joinder would oust the jurisdiction. The supreme court has nevertheless repeatedly held that the rule does not enable the circuit court to make a decree which can affect

the rights of one who is absent, and that all persons whose interest would be directly affected by the decree are indispensable parties. Shields v. Barrow, 17 How. 130, 139, 15 L. Ed. 158; Ribon v. Railroad Co., 16 Wall. 446, 450, 21 L. Ed. 367; Williams v. Bankhead, 19 Wall. 563, 22 L. Ed. 184; Kendig v. Dean, 97 U. S. 423, 24 L. Ed. 1061. But in the present suit no case is made for the application of rule 47. No reason is alleged for omitting Isabel C. Jones from the parties defendant. The court is called upon to go no further than to apply the general chancery rule that all those who have an interest in the subject of the controversy, or whose presence is necessary to a determination of the entire controversy, must be made parties. O'Haro v. McConnell, 93 U. S. 150, 23 L. Ed. 840; Kendig v. Dean, 97 U. S. 423, 24 L. Ed. 1061; Sioux City Terminal R. R. & Warehouse Co. v. Trust Co. of North America, 27 C. C. A. 73, 82 Fed. 124. Tested by that rule, there can be no doubt that the demurrer for want of a proper party defendant was properly sustained by the court.

It is unnecessary to consider the other grounds of demurrer. The decree will be affirmed.