ADAMS et al. v. CITY OF WOBURN.

(Circuit Court, D. Massachusetts. November 30, 1909.)

No. 587.

1. COURTS (§ 310*)—JURISDICTION OF FEDERAL COURT—DIVERSITY OF CITIZENSHIP—CHANGE OF INTEREST PENDING SUIT.

Where a citizen of the same state as the defendant is a necessary party plaintiff to a suit in a federal court when it is commenced, the court does not acquire jurisdiction because at some time during the pendency of the suit he may cease to be a necessary party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 296.]

2. COURTS (§ 310*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—"INDISPENSABLE PARTY."

Under Rev. Laws Mass. c. 111, §§ 112, 113, which provide that, when proceedings are commenced by a landowner for the assessment of dam-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages where land is taken for public use, a mortgagee may join as a petitioner, and if he does not he must be served with notice and permitted to join, and that the interest of the mortgagee shall be first satisfied before any part of the damages is paid to the mortgagor, a mortgagee is an "indispensable party" petitioner in such a proceeding in a federal court, and where he is a citizen of the same state as defendant the court is without jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*

For other definitions, see Words and Phrases, vol. 4, p. 3559.]

Proceeding by Edward E. B. Adams and others against the City of Woburn. On plea for want of jurisdiction. Plea sustained.

John T. Wheelwright, for plaintiffs.
Albert F. Converse, for defendant.

LOWELL, Circuit Judge. The petition was originally filed in this case by Adams and Mrs. Williams. It alleged that Adams was a citizen of New York, the former owner of land in the city of Woburn, which had been taken by the city for a water supply, and that Mrs. Williams held a mortgage upon this land. The petition went on to pray an assessment of damages. The respondent pleaded to the jurisdiction of this court that Mrs. Williams was shown by the petition to be a citizen of Massachusetts, and that this court was therefore without jurisdiction of the matter. Thereafter Adams, alleging that the mortgage had been paid since the petition was filed, moved to amend it by striking out Mrs. Williams as party thereto. The amendment was allowed, and the respondent insisted upon its plea as directed to the amended petition.

On the ground of diversity of citizenship this court is without jurisdiction of a petition filed by A., a citizen of New York, against B., a citizen of Massachusetts, if C., another citizen of Massachusetts, is a necessary party petitioner thereto. That C. has ceased to be a necessary party since the petition was filed does not give to this court the jurisdiction which it did not have before the change of circumstances. A party cannot bring his cause within the jurisdiction of this court, and prosecute it here, merely because at some time in the proceedings the interests and circumstances of the parties may so adjust themselves that this court would have jurisdiction of the controversy if the suit were brought anew. This is established concerning a change in the citizenship of the parties. Koenigsberger v. Richmond Mining Co., 157 U. S. 41, 49, 15 Sup. Ct. 751, 39 L. Ed. 880. The change here made in the pleadings and that which has arisen in the circumstances of this case will not, it is admitted, suffice to give this court jurisdiction, if that jurisdiction did not inhere at the time and under the circumstances in which the petition was filed. The issue presented by the plea comes to this: Was Mrs. Williams, as the holder of an undischarged mortgage, so necessary a party to the petition that her common citizenship with the respondent in Massachusetts deprives this court of the jurisdiction which it would have had to deal with the petition if the mortgage had been paid before the petition was filed?

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

174 F.—13

If yes, the court is without jurisdiction; if no, the court had jurisdiction of the case before Mrs. Williams' dismissal, and that jurisdiction is made to appear even more clearly by her dismissal from the case.

The joinder of parties in suits in equity, as governed by the practice of the English Court of Chancery, has been considerably modified in the federal courts, and especially where a strict following of the English practice would serve to oust a federal court from jurisdiction otherwise arising out of the diverse citizenship of the parties. This modification of chancery practice to meet the exigencies of federal jurisdiction is explicitly recognized by equity rule 47:

"In all cases where it shall appear to the court that persons, who might otherwise be deemed necessary or proper parties to the suit, cannot be made parties * * * because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in their discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of absent parties."

In Williams v. Bankhead, 19 Wall. 563, 571, 22 L. Ed. 184, the Supreme Court said:

"The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule, arising out of public policy and the necessities of particular cases. The true distinction appears to be as follows: First. Where a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. Secondly. Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party; but he should be made a party, if possible, and the court will not proceed to a decree without him, if he can be reached. Thirdly. Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

The classification thus made was followed in Kendig v. Dean, 97 U. S. 423, 24 L. Ed. 1061, and in many later cases. In Hotel Co. v. Wade, 97 U. S. 13, 21, 24 L. Ed. 917, it was said:

"The general rule will yield, if the court is able to proceed to a decree, and do justice to the parties before the court, without injury to others not made parties, who are equally interested in the litigation."

From equity rule 47, and from these cases, it follows that one who would not be an indispensable party, if his joinder ousted the federal jurisdiction, would, on the other hand, be an indispensable party if his joinder did not affect that jurisdiction. See Sioux City v. Trust Co., 82 Fed. 124, 27 C. C. A. 73; Donovan v. Campion, 85 Fed. 71, 29 C. C. A. 30. Those interested in the controversy, therefore, are in some cases deemed to be parties necessary or unnecessary, according as their joinder does not or does affect the jurisdiction of a federal court.

All the cases, however, including those above cited, recognize that there are persons whose joinder is so indispensable to the proper disposition of the case that by reason of their indispensability a federal court cannot proceed without them, while yet it has no jurisdiction to

proceed with them by reason of their citizenship. Woodward v. Mc-Connaughey, 106 Fed. 758, 45 C. C. A. 602. At the time the petition was filed, was Mrs. Williams an indispensable party of this sort? The answer to the question depends on the statutes of Massachusetts, under which the petition was brought, and by which the rights of the parties are regulated. Rev. Laws Mass. c. 111, reads as follows:

"Sec. 112. If the land is mortgaged, both the mortgagor and the mortgagee, in addition to their rights under the mortgage, shall have the same powers, rights and privileges, and be subject to the same liabilities and duties, as are provided in this chapter for landowners in cases of damages arising under the provisions of section 99; and all petitions for the estimation of such damages shall state all mortgages which are known by the petitioner to exist upon the premises. Mortgagors and mortgagees may join in any such petition, and the tribunal to which it is presented shall order the petitioner to give notice thereof to all parties who are interested as mortgagors or mortgagees, by serving on each of them, fourteen days at least before the time of hearing, an attested copy thereof and of the order thereon, that they may become parties to the proceedings."

"Sec. 113. If mortgagors or mortgagees commence or become parties to such proceedings, entire damages shall, upon final judgment, be assessed for the property taken, and such portion thereof shall be ordered to be paid to every mortgagee who is a party in the order of his mortgage, as is equal to the amount then unpaid thereon, and the balance to the mortgagor; and separate judgment shall be entered accordingly for each mortgagee, who shall hold his judgment in trust, first, with any proceedings realized thereon, to satisfy his mortgage debt, and, after such debt is in any way satisfied, to assign the judgment or to pay over any balance of proceeds to the mortgagor or other person entitled thereto."

It thus appears that, if the petition be filed by the mortgagor alone, he must set out the existence of the mortgage and the name of the mortgagee, and, upon an order of court, which issues of course, must give the mortgagee notice of the proceedings, that the latter may become party thereto. The case thereafter proceeds as if between the owner of the entire estate and the municipality; but by the final judgment the lien of the mortgage is satisfied before the mortgagor is paid anything. Applying these provisions to the case at bar, we find that Adams and Mrs. Williams, the mortgagor and mortgagee, were expressly given the right to join in one petition. This right, without more, might make Mrs. Williams only a proper party to the petition, and not a party strictly indispensable. But the same statute required Adams, if he filed a petition in which Mrs. Williams did not join, to set out therein Mrs. Williams' mortgage, and, further, to give her notice by serving upon her an attested copy of the petition, in order that she might become a party to the proceedings. Under the circumstances which existed at the time the petition was filed, she would necessarily have become a party to this petition, whether originally joined or not, and this court was not allowed by the statute to proceed without reference to her rights. For these reasons, it appears to me that, at the time the petition was filed, Mrs. Williams was an absolutely indispensable party to these proceedings, and that she would have been an indispensable party, even if she had not been joined with Adams as party petitioner, and if Adams' sole petition had contained only a reference to her mortgage. To sum up: Without Mrs. Williams as a party, the court could not have proceeded, because she

would be directly affected by the decree. Therefore she was necessarily made a party, and, as she was a fellow citizen with the respondent in this commonwealth, the Circuit Court is without jurisdiction of this controversy.

The decision thus reached by the court seems to be narrow and technical, and to interpose an empty formality in the way of obtaining an assessment of Adams' damages. He can now file another petition without reference to Mrs. Williams. But to strain the law in order to save Adams from this formality would expose him to the risk of more serious expense and delay. If I am right in holding that this court is without jurisdiction, even after the allowance of the amendment, then this want of jurisdiction will always remain apparent upon the face of the record, where the allowance of the amendment must be properly shown. The want of jurisdiction, thus appearing, cannot be cured by further proceedings, or even by consent. It must be noticed even at the last by the highest court to which this case is taken. If Adams is required to begin suit anew, after trial here and after proceedings in an appellate court, his case will be harder than if he now makes a new beginning, with but short delay and small additional expense.