## THE I. S. E. 2.

### SAGLIUZZO et al. v. FRYMIER.

(Circuit Court of Appeals, Ninth Circuit.
November 1, 1926.  Rehearing Denied
December 13, 1926.)

No. 4949.

1. **Admiralty ⚖108.**

Admiralty rule, prescribing time for docketing case on appeal, is directory, and may be relaxed in interest of justice, in view of rule 12.

2. **Admiralty ⚖108—Obtaining extension of time for filing apostles from judge who did not try case held not to authorize dismissal of appeal for failure to file within time prescribed by law.**

Where final hearing on appeal was not delayed, action of counsel in obtaining extension of time for filing apostles in Circuit Court of Appeals from judge who did not try case, if a mistake, *held* not prejudicial, so as to authorize dismissal of appeal for failure to file within time prescribed by law.

3. **Admiralty ⚖105.**

That no exception was taken to order sustaining exceptions to libel will not prevent review of final decree, in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246).

4. **Admiralty ⚖104.**

Right of appeal from order sustaining exceptions to libel *held* not waived because of order granting leave to amend.

5. **Admiralty ⚖1—Jurisdiction of court of admiralty is not limited to liquidated or agreed claims.**

While court of admiralty will not attempt to adjust complicated accounts, it may make some computations, and its jurisdiction is not limited to claims which have been liquidated or agreed on.

6. **Seamen ⚖28—Libel by seamen for agreed percentage of net profits due from fishing operations held to state cause of action, though amount due each had not been reduced to a certainty.**

Libel by seamen for money due from fishing operations of three weeks, on boat of 10 tons' burden, with crew of six, alleging agreement to receive share of proceeds, *held* to state cause of action, though there had been no accounting, and amount due each seaman had not been reduced to a certainty, since court of admiralty may adjust such simple accounts.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Libel by Luigi Sagliuzzo and others against the gasoline launch I. S. E. 2, her engines, machinery, boilers, tackle, apparel, and furniture; J. E. Frymier, claimant. From a decree sustaining exceptions and dismissing the amended libel, libelants appeal. Reversed and remanded.

Loucks & Phister, of San Pedro, Cal., and C. W. Pendleton, of Los Angeles, Cal., for appellants.

Wilbur Bassett, of Los Angeles, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing an amended libel in admiralty, after exceptions thereto had been sustained. The libel alleged, in substance, that at all times therein mentioned the libelants were seamen and seamen fishermen residing in Los Angeles, Cal.; that each and all of said libelants had been duly and regularly licensed as fishermen by the fish and game commission of the state of California, and were duly and regularly licensed as seamen and seamen fishermen, under and pursuant to the laws of the state of California and the laws of the United States of America; that one Frymier, a resident of the county of Los Angeles, state of California, was the owner of the gasoline launch I. S. E. 2; that Frymier, as such owner, employed the libelant Sagliuzzo as master of the launch, and agreed to pay him as compensation for his services as such master one-sixth of the proceeds derived from the sale of any and all fish caught by the launch during the time he was so employed; that thereafter Sagliuzzo, as such master, employed the other libelants as members of the crew of the launch and agreed to pay each of them, for his services as such member, one-sixth of the net proceeds derived from the sale of any and all fish caught by the launch during the time the libelants served thereon as seamen; that immediately thereafter, and between January 1, and January 26, 1926, the libelants served on said launch, as members of the crew thereof, and engaged in fishing operations in the Pacific Ocean adjacent to the port of Los Angeles; that during the time the libelants were so employed 200 tons of fish were taken and sold by the master for $10 per ton; that the net proceeds derived from the sale of the fish so caught, after paying all expenses of operation, was the sum of $1,500, and that under and by virtue of the agreement, wherein and whereby the libelants were employed as members of the crew, there became due to each of them the sum of $250 as and for wages, and that the launch in question was a seagoing vessel of approximately 10 tons' dead weight. The prayer was for a decree in the sum of $250 in favor of each of the libelants; the same being one-sixth of the net proceeds derived from the sale of the fish.

Fourteen exceptions in all were filed to the amended libel, but a majority of these were for uncertainty in one respect or another, and call for no special consideration. The remaining exceptions were based upon the ground that it could not be ascertained from the libel what sum was received by the master from the sale of the fish, or how the net proceeds of the sale were to be ascertained; that no accounting had ever been had or demanded of the proceeds of the sale; and that the court was without jurisdiction over the claims of the libelants, because it appeared therefrom that there has been no accounting to ascertain the amount of the net proceeds of the sale or the amounts due the several libelants. Upon sustaining the exceptions, the libelants were allowed 10 days in which to amend, with the understanding that no further amendment would be allowed. No amendments were proposed or filed within the 10 days, and a decree was thereupon entered, dismissing the libel and discharging the vessel from the lien. From this decree the libelants have appealed.

[1, 2] The appeal was taken June 21, 1926. On July 22, 1926, an order was signed by one of the judges of the court below, other than the judge who tried the case, extending the time for filing the apostles in this court for a period of 30 days from that date. July 26, 1926, a motion to dismiss the appeal was filed here for failure to file the apostles in this court within the time prescribed by law. That motion has been heretofore denied, but with leave to renew the motion upon the final hearing. In support of the motion to dismiss, it is contended that a judge of the District Court, and especially a District Judge other than the judge who tried the cause, has no jurisdiction to extend the time for filing the record here, in view of rule 12 of the Admiralty Rules of this court, which provides that the time may be extended by an order of a judge of this court.

But, waiving the question whether the extension was properly granted, the rule prescribing the time for docketing a case is directory, and not mandatory, and may be relaxed in the interest of justice. Harris v. Moreland Motor Truck Co. (C. C. A.) 279 F. 542. The final hearing in this court has not been delayed, and the mistake of counsel, if mistake it be, in obtaining the order of extension from the wrong judge, should not operate to his prejudice. The order heretofore made, denying the motion to dismiss, is therefore reaffirmed.

[3, 4] It is next contended that we cannot review the final decree, first, because no exception was taken or reserved to the order sustaining the exceptions to the libel; and, second, because any error in the ruling on the exceptions was waived by the order granting leave to amend. An exception to a final decree or to an order sustaining a demurrer, or sustaining exceptions to a libel in admiralty, is little more than a formality at best. There is not the same reason or necessity for it as for an exception to instructions or findings. Furthermore, an exception to an order of this kind would seem to serve but little purpose, where the case is tried de novo in this court in the fullest sense of that term. But, if an exception were necessary, we are satisfied that the case comes within section 269 of the Judicial Code, as amended by the Act of February 26, 1919 (40 Stat. 1181 [Comp. St. § 1246]), which provides that the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions, which do not affect the substantial rights of the parties. Nor was the right of appeal waived by the order granting leave to amend. Woodward v. McConnaughey, 106 F. 758, 45 C. C. A. 602.

The sufficiency of the assignments of error is also questioned, but we think they sufficiently present the questions for review, especially in view of rule 11 of this court. [5, 6] We now come to a consideration of the merits of the case. The reasons for sustaining the exceptions to the libel do not appear in the record, but proctors for the appellants state in their brief that the court below decided that, inasmuch as a court of admiralty has no jurisdiction of a suit for an accounting, there was no jurisdiction here, in the absence of an allegation that the amount due each of the appellants had been ascertained or reduced to a certainty. This statement was not controverted by the proctor for the appellee, and the fact that the court below declared that no further leave to amend would be granted, beyond the last one allowed, would seem to indicate that the court was of opinion that there were such defects in the statement of the claims or demands of the appellants as could not be cured by amendment. In any event, this seems to be the only tangible ground upon which all of the exceptions could have been sustained. No doubt a court of admiralty will not attempt to adjust complicated accounts, but will relegate the parties to a court of chancery or other appropriate tribunal. Grant v. Poillon, 20 How. 162, 15 L. Ed. 871. Nevertheless, a court of admiralty

may make some computations, and its jurisdiction is not limited to claims which have been liquidated or agreed upon.

In the present case, the accounting, if such it may be called, would seem to be of the simplest character. The fishing boat was a small craft of 10 tons burden, the crew consisted of six seamen, and the fishing operations did not extend beyond a period of about three weeks. Under such circumstances, it would seem a simple matter to ascertain the net proceeds arising from a sale of the fish. There is, nevertheless, some conflict of authority upon this question.

In The Fair Play, 8 Fed. Cas. 957, No. 4,615, Judge Betts held that, where a seaman agrees to serve for one-half of the earnings and profits of the vessel, he cannot maintain an action in rem to recover such share, unless an account has been stated, or the claim has been otherwise reduced to a certainty, and that an action in rem cannot be brought to compel an accounting between the parties. In The Larch, 14 Fed. Cas. 1142, No. 8,086, Judge Ware held that, if the accounts arise incidentally, then it is a question of sound discretion whether the court will proceed with the cause. If the accounts are simple, consisting merely of offsets, the court will strike a balance and give judgment for that. If they are multifarious, and involve the settlement of intricate questions of law or equity, which more properly belong to another forum, the libel will be dismissed. Judge Brown quoted this language with approval in The John E. Mulford (D. C.) 18 F. 455, 458, saying:

"As stated by Ware, J., in the case of The Larch, 3 Ware, 34 [Fed. Cas. No. 8,086]: 'Where there are such accounts incidentally arising in the case, it is a question addressed to the sound discretion of the court whether it will take cognizance of the account or not. If long, intricate, and multifarious, the court will decline to take jurisdiction.' In this case the period is short—some three or four months only—and the account necessary to be taken does not appear to involve anything intricate, or that cannot be easily adjusted in this court, and, as it seems to me, it should therefore be settled here."

On the other hand, in The Carrier Dove (D. C.) 93 F. 979, the facts were very similar to the facts in the case at bar. The agreement there was that wharfage and scalage should be deducted from the gross proceeds of the catch; that one-fourth of the balance should go to the owner, and that the remainder, after deducting the cost of groceries and supplies and 10 per cent. to the master for the use of gear, should be divided equally among the crew, and it was held that the seamen had a lien for their wages, the court saying:

"For the sake of argument, it may be admitted that, if courts of admiralty considered seamen to deal on equal terms with owners, the former might not prevail in a case like that at bar; but, considering the favor always shown in admiralty to seamen, I think that the agreement here made should not be construed to deprive them of their lien."

The latter decision seems to be in accord with the views of this court in The Barbara Hernster, 146 F. 732, 77 C. C. A. 158, approving The Hunter (D. C.) 47 F. 744, and The Cape Horn Pigeon (D. C.) 49 F. 164.

For these reasons, we are of opinion that the amended libel stated a cause of action in favor of the appellants. The decree is accordingly reversed, and the cause is remanded for further proceedings.