## AMERICAN TRI-ERGON CORPORATION et al. v. ALTOONA PUBLIX THEATERS, Inc.

## SAME v. WILMER & VINCENT AMUSEMENT CO. et al.

Nos. 971, 972.

District Court, M. D. Pennsylvania.

Feb. 16, 1933.

Kaufman & Mattes, of Scranton, Pa., and Ward, Crosby & Neal, of New York City, for plaintiffs.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa. (Henry R. Ashton and William J. Barnes, both of New York City, of counsel), for defendants.

JOHNSON, District Judge.

These two suits have been brought by the American Tri-Ergon Corporation and the Tri-Ergon Holding, A. G., for an alleged infringement of United States letters patent No. 1,713,726, entitled "Device for Phonographs with Linear Phonogram Carriers," and relates generally to apparatus and method for reproducing sound from a linear record or film. The patent was granted May 21, 1929, to William Fox as assignee by mesne assignments from the original applicants for this patent. The plaintiff American Tri-Ergon Corporation is alleged now to be the owner of the patent in suit, subject to exclusive rights which had been transferred to the other plaintiff Tri-Ergon Holding, A. G., prior to the time when the rights held by the plaintiff American Tri-Ergon Corporation were acquired.

The defendants are alleged to be operators and owners of motion picture theaters in which the alleged infringing apparatus is installed.

In each of these suits the defendants have now moved the court to dismiss the bills of complaint on the ground that Tri-Ergon Holding, A. G., is not properly a party plaintiff because it is merely a restrictive licensee in a field not involved in the suit.

The bill of complaint in each case alleges that "the plaintiff, Tri-Ergon Holding, A. G., became and now is the owner of any and all rights under said Letters Patent other than those now owned as aforesaid by the plaintiff, American Tri-Ergon Corporation, and of all the rights to damages and profits accrued or which may accrue by reason of any infringements of such rights under said Letters Patent as are now owned by the plaintiff, Tri-Ergon, Holding, A. G.; as by reference to said patent and to each and all of the aforesaid assignments and instruments or duly certified or authenticated copies thereof, ready in court to be produced and of which profert hereby is made, will more fully appear."

The respective rights of the two plaintiffs are set forth in the numerous involved docu-

ments referred to above and which were produced at the hearing on the motion to dismiss the bill of complaint, but without a full hearing on the trial of the cases this court cannot say whether or not the rights of the Tri-Ergon Holding, A. G., have been infringed by the defendant. In any event, it does not appear at this time that the joinder of the Tri-Ergon Holding, A. G., as a party plaintiff is prejudicial to the defendants.

The question presented here was raised in the case of Radio Corporation of America v. Emerson (C. C. A.) 296 F. 51, 54. In that case, Manton, Circuit Judge, delivering the opinion of the court said: "It is argued that the De Forest Company was improperly joined as a party plaintiff. The argument is that it was not the owner of the patents, and, as it is only a nonexclusive licensee, it is not a proper party. It makes claim to ownership in the patents, and has become a party plaintiff to assert that claim. Its interest in the patents should be determined at final hearing. To permit it to remain a party plaintiff is not prejudicial to any rights of the appellants. Indeed, it is a protection to the appellants in any possible future claim which the De Forest Company might base on acts of infringement, if it should eventually turn out to have some ownership in the patents."

In Williams v. Bankhead, 86 U. S. 563, 571, 22 L. Ed. 184, the Supreme Court of the United States stated the following rules relative to parties in suits in equity: "First. Where a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. Secondly. Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him if he can be reached. Thirdly. Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

In this case the pleadings on their face show that the plaintiff Tri-Ergon Holding, A. G., is interested in the subject-matter of the suit by reason of its exclusive rights under the patent in certain fields, and whether or not such fields have been infringed upon by the defendants, or any of them, is a matter which will be determined by the court after a full and complete hearing at the trial of the cause.

The motions to dismiss the bills of complaint on the ground of misjoinder of parties plaintiff must, therefore, be overruled.

And now, February 16, 1933, this cause came on to be heard at this term and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the motions to dismiss the bills of complaint filed to the above number and term be and the same are hereby overruled and dismissed. The defendants are further ordered to file their answers to the bills of complaint within twenty days from this date.