Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from a decree of the district judge, sitting in the Circuit Court of the United States ,for the eastern district of Louisiana.
 

 The bill was filed in the court below, by two of .the heirs of J. J. Coirón, against Alexander Lesseps/ Laurent Millaudon, and others, to set aside a sale of a plantation and slaves to the two defendants named, in 1834, in pursuance of proceedings ■in a case of insolvency before a parish court in the city of New' Orleans.
 

 The father of thé compláinants, having become insolvent in ■ 1833, applied to the court for liberty to surrender his property for the benefit of his creditors, and that in the mean time all .proceedings against his person or property might be stayed, which application was granted, and the surrender of his prop-.erfy accepted. .
 

 Theodore Nicolet was appointed syndic-of the creditors, and .such proceedings were had, that a sale of the plantation and .slaves was directed in March, 1834, when the two defendants became the purchasers. The inventory of the debts of the insolvent, which accompanied his application to the parish court, exceeded $177,000, and of his assets, $137,000. The.assets. sold for some $77,000; and after satisfying the charges and expenses ©f the proceedings, the balance was distributed among the .creditors under the direction of the court. This amount, •some $60,000, fell short ctf satisfying the claims óf the two principal creditors, .Van Brugh Livingston, and. Harriet, his wife, óf New York, and.the firm of Nicolet & Co., of New -Orleans, which were secured upon, the estate by mortgages.
 

 The object of this suit is to set aside the sale- on the .ground •of irregularities in the insolvent proceedings, which are set forth in detail in the bill. ■
 

 The -.court below, after hearing the case upon the pleading's ,and proofs, decreed against the complainants and dismissed the bill.!
 

 The record is quite voluminous, but we have stated enough
 
 *115
 
 of the facts to present the questions upon which we shall dispose of the case.
 

 According to the law of Louisiana, on a surrender by the • insolvent of his property for the benefit of creditors, the estate vests in the latter sub modo, and is disposed of by them through the agency of the syndic, under the supervision and control of the court before whom the proceedings take place. 2 Rob. R., 193, 194.
 

 They-appoint the syndic and fix the terms' and conditions of the sale, and have the charge of the estate in the mean time' between the surrender and final disposition.
 

 The creditors, therefore, are the parties chiefly concerned in these proceedings; and as it respects' those to whom the proceeds of the estate-have been distributed, they are directly interested in upholding the sale; for, if it is set aside, and the proceedings declared a nullity, they would be liable to refund the share of the purchase money, each one,had received in the distribution.
 

 A court of equity, in setting aside a deed of a purchaser upon grounds other than positive fraud on his part, sets it aside upon terms, and requires á return of the,purchase money, "or that the conveyance stand as a security for its payment. 1 J. Ch. R., 478; 4 J. R., 536, 598, 599.
 

 ■ This constitutes the essential difference between relief equity and that afforded in a court of law. A court of law can hold no middle course. The entire claindof each party must rest, and be determined at law* on the single point of the validity, of the deed; but it is the ordinary case in the former court, that a deed. not absolutely void, yet, under the circumstances, inequitable as between the parties, may be set aside-upon terms.
 

 .... Nicolet & Co., and Van Brugh Livingston and wife, the mortgage creditors, or their legal representatives, were there-. fore necessary parties to the bill, as any decree made in the ease disturbing the sale may seriously afreet their interests.
 

 - This objection has been anticipated in the bill, and an averment made that these parties were out of the jurisdiction of. the court. -But it, is well settled, that neither the act of Congress of 1839, (5 U. S. Stat. at Large, 321, sec. 1,) norithe 47th rule of this court, enables the. Circuit Court to make a decree in a suit im;the. absence of a parly whose rights must necessarily be affected by such decree, and that the objection may be taken at any time upon the hearing, or in .the appellate court. 17 How., 130; 1 Peters, 299.
 

 We think the decision of the court below was right in dis-missingthe bill, and therefore affirm the decree. ' . ■