GREGORY *v.* SWIFT *et al.*

(*Circuit Court, D. Massachusetts.* September 20, 1889.)

1. NECESSARY PARTIES—BAILMENT.

In a suit for the proceeds of a note, alleged to have been disposed of by one of the defendants in violation of a contract, by which he had agreed to hold it "subject to the joint order and direction" of the named attorneys of the adverse claimants of the note, the contract having been made on abandonment of an arbitrator's award respecting the ownership of the note, such adverse claimants, and their respective attorneys, are necessary parties.

2. SAME.

In such case the rights of one of such adverse claimants, who is beyond the jurisdiction of the court, are involved to such a degree that equity rule 47 and Rev. St. U. S. § 737, providing that where persons, otherwise necessary

or proper parties, are beyond the jurisdiction of the court, the court may proceed to a decree not prejudicing the rights of such persons, without making them parties, are inapplicable, and no decree can be rendered until such adverse claimant is made a party.

In Equity. On demurrer to bill.

Bill by Charles A. Gregory against William C. N. Swift and John G. Stetson, to recover the proceeds of a note.

Equity rule No. 47 provides that—

"In all cases where  *  *  *  persons, who might otherwise be deemed necessary or proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court,  *  *  *  the court may in their discretion proceed in the cause without making such persons parties, and in such cases the decree shall be without prejudice to the rights of the absent parties."

Rev. St. U. S. § 737, provides that—

"Where there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district, *  *  *  the court may entertain jurisdiction  *  *  *  of the suit between the parties who are properly before it; but the judgment or decree  *  *  * shall not conclude or prejudice other parties;  *  *  *  and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

*Francis A. Brooks*, for complainant.
*Russell Gray*, for defendant Swift.
*John G. Stetson, pro se.*

COLT, J. The bill in this case is directed mainly against defendant Stetson, (the counsel for plaintiff admitting that defendant Swift was not made a party for the purpose of charging him with any liability to the plaintiff,) and it charges Stetson with having violated the following contract of bailment, with respect to the $15,000 note mentioned therein:

"BOSTON, Dec. 24, 1886.

"Received of Thomas H. Talbot, Esq., as attorney for Mary H. Pike, executrix of Frederic A. Pike, and of Francis A. Brooks, Esq., as attorney of Charles A. Gregory, two notes of hand made or signed by W. C. N. Swift, of New Bedford, dated April 20, 1883,—one for $15,000, on two years' time, and one for $20,334,60, three years' time, payable to Charles F. Jones. Said notes are to be held by me, subject to the joint order and direction of the said Talbot and Brooks, and dealt with as they may jointly direct.

"JOHN G. STETSON."

The bill alleges that defendant Stetson, under certain orders of court which were irregular and contrary to law, parted with the possession of said note and filed it in an action at law of *Jones* v. *Swift*, pending in this court; that thereupon judgment was entered in said action at law, and the amount of said note or judgment was paid by said Swift to the clerk of the court, Stetson, who now claims to hold the same subject to the rights of the parties in the old equity cause, No. 2,170, of this complainant against Frederic A. Pike and others, originally pending in this

court, but which the bill alleges became abated, before the passage of the order referred to, by reason of the death of said Frederic A. Pike. The bill also alleges that on or before July 9, 1887, the complainant became the lawful owner of said $15,000 note.

In the present bill there is incorporated a part of a certain bill brought in this court by this complainant against these defendants and Thomas H. Talbot, January 10, 1887. In that bill it is alleged that the matters in controversy between this complainant and Frederic A. Pike, respecting the ownership of these notes, were submitted to the Honorable E. R. Hoar as arbitrator; that, pending the submission, the said Pike died, having appointed his wife, Mary H. Pike, of Calais, Me., executrix of his will and residuary legatee of all his estate; that Mrs. Pike appeared before the arbitrator at the hearings by her counsel, Talbot; that the arbitrator, on November 30, 1886, delivered an award in writing which was favorable to the complainant. The bill further alleges as follows:

"That on the twenty-fourth day of December last, he [the complainant] was informed by the said Mary H. Pike, through her attorney and counselor, the said E. B. Harvey, that she had through him and by a letter addressed to the arbitrator undertaken to revoke the power of said arbitrator under said submission, and to thereby annul or vacate the award made by him as aforesaid; and immediately upon receiving such information he waited upon the said arbitrator through F. A. Brooks, his attorney, in company with Thomas H. Talbot, the attorney of the said Mary H. Pike, and the said Brooks received back from said arbitrator the award made by him as aforesaid, on the twentieth day of December, and the said Brooks and Talbot together received of said arbitrator the said two Swift notes and carried the same to John G. Stetson, Esq., to whom they intrusted the same, taking therefor his receipt in their joint names. That on the fourth of January current, in order to entitle himself to the sole and exclusive possession of said Swift notes, under the said award, he paid the note of $2,437.50 running to C. H. Eaton, of Calais, in said award mentioned, to the said Thomas H. Talbot, and took and received from said Talbot the said Eaton note and now holds the same, by reason of which and of the award of the said arbitrator your orator became entitled to receive from the said Stetson the said Swift notes, and the said Mary H. Pike, executrix and residuary legatee under the will of the said F. A. Pike, deceased, and the said Talbot, as her agent or attorney, ceased to have any right to or in said Swift notes, or either of them, or any right to demand or receive the possession thereof from the said Stetson, under the terms of the receipt of said Stetson therefor given on the twenty-fourth day of December last."

The prayer of the bill as amended is as follows:

"And your orator prays that the money so paid by the defendant Swift into the hands of the defendant Stetson, as clerk of this court, in satisfaction of the said $15,000 note, may be remanded to the custody of said Stetson in his individual capacity, as if no such orders, as above recited, had been passed, and in the place and stead of the said $15,000 note, so surrendered by him, and filed with the papers in equity suit No. 2,170, in violation of the terms and provisions of the contract entered into by him with your orator as aforesaid, on the twenty-fourth day of December, 1886; and that the said Stetson may be ordered and decreed to pay over the proceeds of said note to your orator; and your orator prays for such other and further relief as he may be entitled to in the premises."

There is also a further prayer that, if the relief sought against Stetson be not granted, the defendant Swift may be ordered to pay the amount due on the said $15,000 note.

The defendants demur to the bill on several grounds; I shall only consider one of them, namely, defect of parties. Under the contract of bailment, it appears that the real parties in interest were the plaintiff and Mary H. Pike, executrix, and that the notes were to be held by Stetson subject to the joint order or direction of their attorneys, Talbot and Brooks, and dealt with as they may jointly direct. Admitting the allegations of fact stated in the bill to be true, but not the conclusions of law drawn therefrom, as I am bound to do by the demurrer, I am satisfied that the bill is fatally defective for want of necessary parties. These allegations do not make out a case which entitles a party claiming under the contract of bailment to dispense with the other parties interested therein. The contract with Stetson was not entered into until after the proceedings before the arbitrator had terminated, as appears by the bill, and the facts alleged respecting the arbitration show the necessity of making Mrs. Pike a party to any proceeding respecting the Stetson receipt now sued upon. The receipt itself shows the necessity of making all those interested in any way parties to the bill. The defendant, according to the terms of this receipt, is liable to said Pike and Gregory jointly. By this bill Gregory claims certain rights under this receipt adverse to his co-obligee, and it follows that the co-obligee is a necessary party thereto. Again, by the terms of this receipt, the notes are held subject to the joint order of said Talbot and Brooks, and to be dealt with as they jointly direct. Under these circumstances, Stetson, as maker of this receipt, cannot recognize any claim to said notes which may be made by either Pike or Gregory, or both of them; but he holds the notes subject to the joint order and direction of both Talbot and Brooks. It seems, to me that neither Gregory nor any other person can in equity set up and establish any claim by virtue of this receipt without making Brooks and Talbot parties. In other words, Gregory, Mrs. Pike, Talbot, Brooks, and Stetson are necessary parties to any bill brought on the receipt setting up any claim of ownership or control over these notes.

The point is raised by the complainant that Mrs. Pike being a non-resident it is impossible to make her a party, and that, therefore, under equity rule 47 and section 737 of the Revised Statutes, the court may proceed to an adjudication between the parties properly before it. It seems to me, however, that the above-mentioned parties to the agreement are so far necessary parties that rule 47 and section 737, as construed by the supreme court, cannot apply to this case.

In *Mallow* v. *Hinde*, 12 Wheat. 193, quoting from *Elmendorf* v. *Taylor*, 10 Wheat. 167, the court says:

"The rule which requires that all persons concerned in interest, however remotely, should be made parties to the suit, though applicable to most cases in the courts of the United States, is not applicable to all. In the exercise of its discretion, the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court. But, if the case

may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person whom the process of the court cannot reach, as if such party be the resident of some other state, ought not to prevent a decree upon its merits."

In *Shields* v. *Barrow*, 17 How. 139, the court points out three classes of parties to a bill in equity:

"They are: (1) Formal parties. (2) Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

The court further says:

"It remains true, notwithstanding the act of congress and the 47th rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights."

In *Coiron* v. *Millaudon*, 19 How. 113, it is held that the fact that such persons are beyond the jurisdiction of the court is not a sufficient reason for omitting to make them parties, because neither the act of congress nor the 47th equity rule enables the circuit court to make a decree in a suit in the absence of a party whose rights must necessarily be affected by such decree. See, also, *Barney* v. *Baltimore City*, 6 Wall. 280. Demurrers sustained.