## CHADBOURNE *et al. v.* COE.

*(Circuit Court of Appeals, Eighth Circuit. July 19, 1892.)*

No. 53.

FRAUDULENT CONVEYANCES—PARTIES.

A bill in equity against a trustee to subject property alleged to have been fraudulently conveyed to him cannot be sustained when the grantor is not a party, if complainant has no judgment against him, but merely alleges indebtedness on notes. 45 Fed. Rep. 822, affirmed.

Appeal from the Circuit Court of the United States for the District of Minnesota. Affirmed.

Statement by CALDWELL, Circuit Judge:

Reuben W. Chadbourne, a citizen of the state of Wisconsin, filed his bill in equity in the circuit court for the district of Minnesota, against Orlen P. Whitcomb, a citizen of the state of Colorado, and James N. Coe, a citizen of the state of Minnesota, alleging that Whitcomb was indebted to the complainant in a sum exceeding $5,000 upon certain promissory notes set out in the bill; that Whitcomb was insolvent, and that, to hinder, delay, and defraud his creditors, he had by deeds conveyed certain real estate, and by bills of sale transferred certain personal property, to Coe, upon certain secret trusts in writing, which instruments creating the alleged trusts are made exhibits to the bill. The last in date of these alleged trust agreements included all the property, real and personal, conveyed and transferred by Whitcomb to Coe, and the powers conferred and the trusts imposed on Coe thereby are as follows:

"Now, in consideration of the premises, I, the said Orlen P. Whitcomb, hereby authorize and fully empower the said James N. Coe to sell, exchange, or dispose of any or all of the said property mentioned in the agreements hereinbefore referred to, which has not been already disposed of, together with all of the personal property hereby conveyed to said Coe to such person or persons, and for such prices and on such terms, as said Coe shall see fit, and hereby fully investing him with all the rents, profits, and increase of said property, both real and personal, and giving him full authority to execute and deliver any and all conveyance or instruments necessary or proper to convey or dispose of or in the management of the same, without obtaining my consent thereto; and the net proceeds, either cash, securities, or other property, derived from the sale of any of said property, or the rents, profits, or increase thereof, said Coe is hereby authorized and directed to hold and apply, when reduced to money, on any sum or sums of money now due or hereafter owing to said Coe from said Whitcomb, and on any indebtedness incurred in the management of said property or taxes paid, and on any and all liabilities now or at any time or hereafter incurred by said Coe for said Whitcomb, as surety or otherwise, and after the satisfaction and payment of all such claims and indebtedness whatsoever, the balance thereafter to be paid to said Whitcomb."

It is alleged that Whitcomb has no other property out of which complainant can make his debt. The prayer of the bill is that the conveyances to Coe be set aside, the trust agreements declared void, and Coe be required to account; that the real estate be sold, and the complainant's debt paid out of the proceeds, and the moneys received from Coe on the

accounting.	The complainant died, and the suit was revived in the name of Catherine E. Chadbourne and Smith W. Chadbourne, his executors. Whitcomb appeared specially, and filed a plea to the jurisdiction of the court, upon the ground that he was a citizen of Colorado, which plea was sustained, and the bill dismissed as to h'	. No complaint is made of this ruling, touching which counsel for appellants in their brief say:

"Whitcomb was originally made a defendant, but he was dismissed upon filing a plea to the jurisdiction, and, as we think, properly, under the act of August 13, 1888, defining the jurisdiction of federal courts; and no exception is taken to the dismissal."

After the suit was dismissed as to Whitcomb, Coe filed a demurrer to the bill for want of proper parties, which the court sustained, and entered a decree dismissing the bill without prejudice, and the complainants appealed.	In the brief of the counsel for appellants it is said:

"The only question for the consideration of this court is as to whether or not the circuit court erred in sustaining the demurrer upon the ground that Whitcomb was not a party to the action."

The opinion of the circuit court dismissing the bill is reported in 45 Fed. Rep. 822.

*Davis, Kellogg & Severance,* (*C. A. Severance,* of counsel,) for appellants.

*Charles C. Willson,* for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge, (*after stating the facts as above.*)	The supreme court of the United States divide parties to suits in equity into three classes—*First,* formal parties; *second,* necessary parties; *third,* indispensable parties.	"Formal parties" are those who have no interest in the controversy between the immediate litigants, but have an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation.	They may be parties or not, at the option of the complainant.	"Necessary parties" are those who have an interest in the controversy, but whose interests are separable from those of the parties before the court, and will not be directly affected by a decree which does complete and full justice between them.	Such persons must be made parties if practicable, in obedience to the general rule which requires all persons to be made parties who are interested in the controversy, in order that there may be an end of litigation; but the rule in the federal courts is that if they are beyond the jurisdiction of the court, or if making them parties would oust the jurisdiction of the court, the case may proceed to a final decree between the parties before the court, leaving the rights of the absent parties untouched, and to be determined in any competent forum.	The reason for this liberal rule in dispensing with necessary parties in the federal courts will be presently stated.	"Indispensable parties" are those who not only have an interest in the subject-matter of the controversy, but an interest of such a nature that a final decree cannot be made without either affecting their

interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Shields* v. *Barrow*, 17 How. 139; *Ribon* v. *Railroad Cos.*, 16 Wall. 450; *Coiron* v. *Millaudon*, 19 How. 113; *Williams* v. *Bankhead*, 19 Wall. 563; *Kendig* v. *Dean*, 97 U. S. 423; *Alexander* v. *Horner*, 1 McCrary, 634.

The general rule as to parties in chancery is that persons falling within the definition of "necessary parties" must be brought in, for the purpose of putting an end to the whole controversy, or the bill will be dismissed, and this is still the rule in most of the state courts. But in the federal courts this rule has been relaxed. The relaxation resulted from two causes: *First*, the limitation imposed upon the jurisdiction of these courts by the citizenship of the parties; and, *secondly*, their inability to bring in parties, out of their jurisdiction, by publication. The extent of the relaxation of the general rule in the federal court is expressed in the forty-seventh equity rule. That rule is simply declaratory of the previous decisions of the supreme court on the subject of the rule. The supreme court has said repeatedly that, notwithstanding this rule, a circuit court can make no decree affecting the rights of an absent person, and that all persons whose interests would be directly affected by the decree are indispensable parties. *Shields* v. *Barrow, supra; Ribon* v. *Railroad Cos., supra; Coiron* v. *Millaudon, supra; Alexander* v. *Horner, supra; Cole S. M. Co.* v. *Virginia & G. H. W. Co.*, 1 Sawy. 685.

Can a decree be made in this case without affecting the rights of Whitcomb? Before the complainants can have the specific relief sought by the bill, the court must find and decree: *First*, that Whitcomb is indebted to the complainants in the sum of $5,000, more or less, as alleged in the bill; *second*, that Whitcomb is insolvent; *third*, that the deeds from Whitcomb to Coe are fraudulent and void as to Whitcomb's creditors; *fourth*, that the agreement between Whitcomb and Coe relating to the sale of the property, and accounting for the same, and for the rents and profits thereof, is fraudulent and void; *fifth*, the court must decree a sale of the lands, and the application of the proceeds of the sale to the payment of Whitcomb's alleged indebtedness to the complainants; *sixth*, the court must decree that Coe account for the property, and its rents and profits, and that he pay the amount found due to the complainants on Whitcomb's alleged indebtedness to them. If the complainants are not creditors of Whitcomb, as they allege, or if Whitcomb is not insolvent, or if the deeds Whitcomb made to Coe are not fraudulent, or if the contracts set out between Whitcomb and Coe are valid, the bill cannot be maintained. In the judicial determination of every one of these issues Whitcomb is an indispensable party. As to some of them he is necessarily the only party in interest, the only party who would be affected by the decree, and the only party capable of making an intelligent defense.

The contracts or trust agreements between Whitcomb and Coe, made part of the bill, are not fraudulent on the face. Upon their face they are valid agreements, under which Whitcomb can compel Coe to account

for the property, and its rents, issues, and profits. If the court, in a suit to which Whitcomb was not a party, should compel Coe to account for, and turn over, the property and money to the complainants, such a decree would be no bar to a suit by Whitcomb against Coe, to compel the latter to account to him, according to the terms of the agreement between them, and for this reason Coe has a right to insist that Whitcomb shall be made a party for his protection. *Alexander* v. *Horner*, 1 McCrary, 634.

Formerly the general rule was that a judgment must be obtained and execution returned *nulla bona*, or its equivalent, before a bill could be filed to vacate a fraudulent conveyance, and it was held that the debtor was a necessary party to such a bill. In modern times this rule has, by legislation in some of the states and by judicial decisions in others, undergone important modifications not necessary to be noticed in the decision of this case. The cases on the subject are collected in 3 Pom. Eq. Jur. § 1415, note 4; Story, Eq. Pl. (10th Ed.) § 233, note *b*; Pom. Rem. § 347. But the modern cases which go to the greatest length in modifying the old rule fall far short of supporting the complainant's contention in this case. In this case there is not only no judgment, but it is contended the alleged debtor has no right to be heard on the question as to whether he owes the complainants anything for which a judgment should be rendered.

We do not rest our decision upon the ground that a creditor cannot file a bill to set aside a fraudulent conveyance of his debtor, and subject the property to the payment of his debt, until he has obtained a judgment at law for his debt, and had a return of *nulla bona*, (as to which, see *Case* v. *Beauregard*, 101 U. S. 688;) but upon the ground that a creditor cannot maintain a bill to establish a debt against his alleged debtor, to annul the debtor's conveyances and contracts, and appropriate his property and money to the payment of the creditor's alleged debt, without making the debtor a party to a bill seeking such relief. It is fundamental to the jurisprudence of this country that no court, and, least of all, a federal court, can adjudicate upon the rights of one not before it and not subject to its jurisdiction.

The decree of the circuit court is affirmed.