GEORGIA S. & F. RY. CO. et al. v. EINSTEIN et al.

(Circuit Court of Appeals, Fifth Circuit   November 3, 1914.)

No. 2666.

1. COURTS (§ 308*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—REARRANGEMENT OF PARTIES.

In a suit in a federal court by the trustees of an insolvent to recover assets, where one of the trustees refuses to join as a complainant, he may be made a defendant, and the fact that he is a citizen of the same state as another defendant does not deprive the court of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. RAILROADS (§ 152*)—BONDS—TRANSFER PENDING FORECLOSURE—RIGHTS OF PURCHASER.

Complainants were owners of bonds of a railroad company, the mortgage securing which was being foreclosed. The bonds were guaranteed by another railroad company, against which a foreclosure suit was also pending. A bondholders' committee of the latter company, in order to obtain a release of the guaranty to facilitate the foreclosure and reorganization of their company, made an agreement with a committee of the holders of the guaranteed bonds to deliver to it a certain amount of the stock of the reorganized company. Pending the carrying out of this agreement, complainants sold their bonds. Held that, in the absence of any express agreement on the subject, the sale of the bonds carried with it to the purchasers the right to receive the stock apportionable to such bonds under the agreement in lieu of the guaranty.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 465, 466; Dec. Dig. § 152.*]

3. EQUITY (§ 427*)—DECREE—CONFORMITY TO ISSUES.

In a suit in equity to recover stock of a railroad company, the company was made a defendant; but the only relief prayed against it was that it be required to transfer the stock to complainants on its books. It answered, disclaiming any interest in the suit, and offering to perform the decree of the court. Held, that a prayer for general relief in the bill did not authorize a money decree against the company for dividends paid to the holders of the stock pending the suit, which was not within the issues.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1001–1014;' Dec. Dig. § 427.*]

4. EQUITY (§ 427*)—DECREE—CONFORMITY TO PLEADINGS.

In general, a prayer for general relief in a bill cannot authorize the granting of relief outside of the case made by the allegations of the bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1001–1014; Dec. Dig. § 427.*]

Appeal from the District Court of the United States for the Western Division of the Southern District of Georgia; Emory Speer, Judge.

Suit in equity by Benjamin F. Einstein and Henry Rice, trustees, and others, against Birney C. Parsons and Francis M. Edwards, partners as Parsons & Edwards, the Georgia Southern & Florida Railway Company, and others. Decree for complainants, and certain defendants appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alex C. King, of Atlanta, Ga., and J. Elsworth Hall, of Macon, Ga., for appellants.

Marion Erwin, of New York City, for appellees.

Before PARDEE, Circuit Judge, and GRUBB and CALL, District Judges.

CALL, District Judge. This is an appeal by the Georgia Southern & Florida Railway Company, a corporation organized under the laws of the state of Georgia, having its principal place of business at Macon, in said state, and Birney C. Parsons and Francis M. Edwards, citizens of the state of Massachusetts, doing business as Parsons & Edwards, from a decree rendered in the United States District Court for the Western Division of the Southern District of Georgia, entered February 7, 1914, in a suit in which they were defendants.

The bill of complaint was filed on May 31, 1900, by Benjamin F. Einstein, as assignee of Abraham Backer, and Benjamin F. Einstein and Henry Rice, trustees of Abraham Backer, all citizens of the state of New York, and Rice, Stix & Co., a firm composed of Henry Rice, a citizen of New York, William Stix, Jonathan Rice, Benjamin Eisman, David Eisman, and Elias Mitchael, all citizens of the state of Missouri, in behalf of themselves, and all persons entitled to stock in the Georgia Southern & Florida Railway Company similarly situated to them, against the Georgia Southern & Florida Railway Company, the appellant herein, the Mercantile Trust & Deposit Company of Baltimore, Md., a corporation, a citizen of Maryland, Christian Devries, a citizen of Maryland, the firm of Parsons & Edwards, appellants, the Southern Railway Company, a corporation and citizen of Virginia, and Herman Myers, a citizen of Georgia. The bill of complaint alleges substantially as follows:

The Macon Construction Company was the builder of and holder of all the stock in the Georgia Southern & Florida Railroad Company and the Macon & Birmingham Railroad Company, and, becoming insolvent, was, together with the Georgia Southern & Florida Railroad Company and the Macon & Birmingham Railroad Company, placed in the hands of a receiver by the Bibb county superior court. The Macon Construction Company was indebted to one Abraham Backer in a large sum, and a judgment obtained against it for the amount due. Backer was also holder of some 410 bonds of the Macon & Birmingham Railroad Company, of the face value of $1,000 each. Rice, Stix & Co. were also the holders of 50 of these bonds. The bonds of the Macon & Birmingham Railroad Company had upon each a guaranty by the Georgia Southern & Florida Railroad Company properly executed by said last-named company. The trustees for the bonds of each of the railroads intervened in the Bibb county superior court to foreclose the deeds of trust securing the bond issues. Pools were formed of the bonds of each of the roads, and committees appointed to guard the interests of the bondholders; a very large majority of the bonds being represented, although not all.

The litigation dragged, and the bondholders of the Georgia Southern & Florida Railroad, being desirous to overcome the opposition of

the bondholders of the Macon & Birmingham Railroad Company to the foreclosure proceedings, negotiated with the bondholders' committee of the last-mentioned railroad, and it was finally agreed by the two committees that, in consideration of the withdrawal of opposition to foreclosure and the assistance of the committee, the committee of the Georgia Southern & Florida Railroad Company would, upon the sale of said road and the reorganization of its properties, deliver to said Macon & Birmingham committee certain shares of its second preferred and common stock, and said Macon & Birmingham committee agreed to receive these shares in full satisfaction of the guaranty on the bonds, and to withdraw opposition to the foreclosure proceedings. It was also agreed that the Macon & Birmingham committee should assign to the Georgia Southern & Florida committee judgments against the Macon Construction Company held by some of the bondholders upon request so to do. The failure of the Macon Construction Company caused Backer to fail, and Einstein, Rice, and Myers were made trustees of his property for the benefit of creditors.

In the spring of 1895 the Georgia Southern & Florida Railroad was sold under the foreclosure proceedings, and bought in by the bondholders' committee, and a new corporation, the Georgia Southern & Florida Railway Company was formed, and the properties of the old Georgia Southern & Florida Railroad Company conveyed to the new corporation in consideration of the delivery to the committee of the stock and bonds of the new corporation. Upon this being done the committee of bondholders of the Georgia Southern & Florida Railroad Company notified the committee of the Macon & Birmingham Railroad bondholders that they had the stock as per agreement for delivery, but requiring that the last-named committee should first enforce the judgments against the property of the Macon Construction Company, and deed said property to them for the new corporation, the appellant in this case. This was in June of 1895. In November of 1895 the Macon & Birmingham committee by resolution repudiated the claim of the Georgia Southern committee, and insisted that the contract between them be carried out.

This condition of affairs continued until January, 1896, when the stock of the new corporation was finally delivered in accordance with the contracts between the parties. While negotiations were pending between the two committees as to delivery of the stock, the bonds of the trustees and those of Rice, Stix & Co. were withdrawn from the committee, and sold to Parsons & Edwards, 460 bonds, of the face value of $1000 each, for the sum of $46,000. On June 15, 1896, the Macon & Birmingham committee delivered the pro rata share of the stock in the Georgia Southern & Florida Railway Company to Parsons & Edwards as the owners of the bonds.

The bill also alleges demand on the committee by the trustees for the bonds and refusal, and that Myers, the cotrustee, refused to join in the suit, and was therefore made a party defendant. The bill then prays "that they have transferred to them as their property on the books  *  *  *  shares of stock," also that Parsons & Edwards, in the event they have converted said stock, account for the value thereof, and then the prayer for general relief.

[1] Some of the defendants raised the question of the jurisdiction of the court because Myers, one of the trustees, was a citizen of Georgia, and should have been joined as complainant, and the Georgia Southern & Florida Railway Company, one of the defendants, being also a citizen of Georgia, there was not the diverse citizenship required to give the court jurisdiction. This question was raised first by demurrer, which being overruled, was set up by answer. We think there is no question but that the District Court had jurisdiction under the allegations of the bill, and the proofs adduced in support thereof. Omaha Hotel Co. v. Wade, 97 U. S. 13, 24 L. Ed. 917; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682; rule 22 of Old Chancery Rules. There are many other cases that might be cited, but we do not deem it essential.

The answer also pleaded the Georgia statute of four years' prescription as to the title of personal property. The railway company answered that the stock had been delivered to the bonding committee, and it had no interest in the matter.

The cause was referred to a master, to take the testimony and report it, with his findings of fact and law, to the court. The testimony was taken, and the master made his report, and finding of facts and law. He found that the bonds were transferred to Parsons & Edwards without reserve or restriction, and the sale was a complete transfer of said bonds, and all that were appurtenant to them, to wit, both sources to which the holder of the bonds could look for payment, the agreement with the committee of bondholders of the Georgia Southern bonds and the proceeds of the sale of the Macon & Birmingham Railroad, and that Parsons & Edwards, when they bought the bonds, had full notice of all the facts in the case. The master finds against the contention that the claim was barred by the statute of limitations of Georgia, and in conclusion finds the merits against the complainants.

Upon exceptions to this report, the District Judge entered a final decree, sustaining exceptions to said report, challenging the finding of the master that complainants were not entitled to the relief sought, and awarded to the complainants the shares of stock claimed, and further requiring the payment by Parsons & Edwards of a considerable sum received as dividends, and decreeing a lien on all the other stock held by Parsons & Edwards in the Georgia Southern & Florida Railway Company for the payment of said money decree. The decree further requires the railway company to transfer on its books the number of shares claimed, and further requires the payment by the said railway to the complainants of all sums paid as dividends on said stock after the filing of said suit. This portion of the decree makes the railway company jointly with Parsons & Edwards accountable for dividends paid them after the commencement of this suit. It is from this decree that this appeal is taken.

[2] The most serious question to be decided is the effect of the transfer of the bonds to Parsons & Edwards. It was admitted in argument before us that if the bonds were transferred with the guaranty of the Georgia Southern & Florida Railroad Company indorsed upon

them before said guaranty was satisfied and extinguished, without a reservation of the rights under such guaranty, the transfer of the obligation carried the security. At least a majority of the court are of opinion that the transfer was made before the guaranty was extinguished, and had this effect in the instant case. Had the holders of the Backer and Rice, Stix & Co. bonds desired to retain in themselves the right to receive the stock apportioned to said bonds by the agreement between the two bond-holding committees, they should certainly have so stated in the instrument of transfer. This was not done, but, on the contrary, an unconditional transfer was made, and that at a time when it was problematical whether the agreement would be carried out—when it looked probable that, if any stock was received, it would be only after a litigation between the committees. Under the circumstances shown in this record we cannot affirm that the guaranty of the Georgia Southern & Florida Railroad Company was executed and functus officio, and, unless it was, the transfer of the bonds carried with them to the purchaser any securities given for their payment.

[3] We cannot agree with the District Court in that portion of the decree which contains a money decree against the Georgia Southern & Florida Railway Company for the dividends paid on the stock after suit brought. The only relief prayed against it in the bill of complaint was to have the stock claimed transferred on the books; no prayer to restrain it from paying any further dividends, etc. The prayer for general relief must be construed in connection with the prayer for special relief, and the case made by the bill of complaint. The whole frame of the bill and its allegations treated the defendant railway company as having no interest in the controversy between the parties as to the ownership of its stock. The stock had been issued and delivered in payment for the properties conveyed to it, and there its interest terminated. It set up in its answer that it had no interest in the controversy, and alleged its readiness to perform any decree of the court to effectuate a transfer of said stock. This view seems to have been accepted by the parties to this suit up to the making of the final decree herein, as is clearly shown by the preamble, as it were, to the answer of the corporation found on page 105 of the record filed in this court. The corporation was a proper and necessary party to effectuate the transfer of the stock on its books, should that be decreed, and it was this fact that gave the court jurisdiction of this case, and was made a party defendant for that purpose, and that alone, as shown by the allegations of the bill of complaint and the prayer. Under such circumstances the prayer for general relief has never been, so far as our investigation has gone, construed to warrant a money decree, as was entered in this case.

[4] This court cannot agree with the District Court in that part of the decree seeking to declare a lien on stock of the appellants, Parsons & Edwards, other than the particular shares claimed by the complainants. The special prayers of the bill have heretofore been set out, as well as the general frame of the bill. There are no allegations of fact contained in said bill upon which any such relief could be predicated, even if the complainants would be entitled to such relief,

and this point we do not decide. And there being no special prayer, and the allegations of the bill making no case for it, the prayer for general relief cannot aid it.

We wish to observe that in our opinion the complainants have not made a case, either by their bill or proofs, that appeals to the conscience of the chancellor. The claim is based upon an agreement not to interpose objections to a foreclosure proceeding, which objections could not have been meritorious. The bonds seeking payment under the deed of trust sought to be foreclosed were a first lien on the property of the railroad. The guaranty of the bonds of the Macon & Birmingham road was junior to said lien, and the only effect of the opposition of the Macon & Birmingham committee was to delay sale, and this seemed to be recognized by the parties making the agreement. The result of the agreement, and the object of the parties to the agreement, was to buy off this opposition by giving the stock in question; and a court of equity and conscience might well leave the parties in the condition in which it finds them.

While the master found, and we think the proofs sustain such finding, that the plea of the statute of limitations was not sustained, yet the proofs show that the stock was delivered to Devries on June 9, 1895, and delivered to appellant on the 15th of the same month. This bill was not filed until May 31, 1900, and no excuse for such delay offered. In the meantime, according to the allegations in the bill, the value of the stock had increased from $30,000 to $100,000. This would seem to us such gross laches as, had it been properly pleaded, would have prevented a recovery in this case by the complainants.

It is our judgment that the decree of the District Court be reversed, and the cause remanded, with directions to overrule exceptions to the master's report and dismiss the cause, at the costs of the complainants in the original bill. The costs of this appeal to be taxed against the appellees.