### JENNINGS et al. v. SMITH et al.

(District Court, S. D. Georgia, N. E. D. May 31, 1917.)

1. COURTS ☞310—FEDERAL COURTS—JURISDICTION—NECESSARY PARTIES.

In a suit by citizens of Louisiana against citizens of Georgia to establish plaintiffs' rights as heirs and next of kin of a decedent, another citizen of Louisiana, intervening as defendant, is not an indispensable party, where his interest, if any, is merely in common with those whose rights rest on the same ground, and hence, when he asks to be stricken as a defendant, without collusion, jurisdiction will be retained by a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857.]

2. COURTS ☞489(13)—CONFLICTING JURISDICTION—ESTABLISHMENT OF HEIRSHIP.

Where the parties are citizens of different states and the jurisdictional amount is involved, a federal court has jurisdiction of a suit to establish plaintiffs' rights as heirs and next of kin of a decedent.

3. COURTS ☞273—FEDERAL COURTS—DISTRICT IN WHICH SUIT MAY BE BROUGHT.

Judicial Code, § 52[1] provides that when a state contains more than one district, if there are two or more defendants residing in different districts,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Act March 3, 1911, c. 231, 36 Stat. 1101 (Comp. St. 1916, § 1034).

the suit may be brought in either district. Section 57 (section 1039) provides that, when a part of the real or personal property against which proceedings shall be taken shall be in another district in the same state the suit may be brought in either district. Equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii) provides that any person may be made a defendant who has or claims an interest adversely to plaintiff, and that any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. *Held*, that in a suit against defendants, some of whom were residents of the Southern district of Georgia and were claiming adversely to plaintiffs, to establish plaintiffs' rights as heirs and next of kin of a decedent, where permanent administrators had been appointed, who resided in the Northern district, and who individually were parties to the original bill, their appointment did not divest the District Court for the Southern district of jurisdiction, especially where part of the land involved was located in that district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 813.]

In Equity. Suit by Mrs. M. S. Jennings and others against Zadoc Smith and others. On application by plaintiff for leave to amend, and application by plaintiffs and defendant Lonnie Bullard to strike him as a defendant. Granted.

J. S. James and J. R. Bedgood, both of Atlanta, Ga., E. H. Callaway, of Augusta, Ga John J. Strickland, E. K. Lumpkin, and Stephen C. Upson, all of Athens, Ga., F. H. Colley, of Washington, Ga., H. H. Perry and W A Charters, both of Gainesville, Ga., Wm. M. Howard, of Augusta, Ga., Thomas J. Shackelford and Henry S. West, both of Athens, Ga., Homer Sutton, of Cornelia, Ga., Stanhope Erwin, of Clarksville, Ga., and Little, Powell, Smith & Goldstein, of Atlanta, Ga., for plaintiffs.

Alex C. King and John L. Tye, both of Atlanta, Ga., Samuel H. Sibley, of Union Point, Ga., Horace M. Holden, Howell C. Erwin, and Hamilton McWhorter, all of Athens, Ga., E. F. Noel, of Lexington, Miss., and King & Spalding, of Atlanta, Ga., for defendants.

SPEER, District Judge. The plaintiffs, citizens of Louisiana, have heretofore filed their bill against Zadoc Smith, a citizen of the Northeastern division of the Southern district of Georgia, and others citizens of that division and district. Plaintiffs aver that they are the next of kin and heirs at law of James M. Smith, deceased. The nature of the litigation may be gathered from the opinion of this court, rendered on application for extraordinary relief, by which receivers were authorized, reported in 232 Fed. 921, and in 238 Fed. 48, —— C. C. A. ——, in which a reversal of the order just mentioned was directed.

The plaintiffs now seek to amend the original bill. In the proposed amendment they aver that, since the bill was filed, the ordinary—that is, the probate court—of Oglethorpe county has appointed Erwin, Arnold, and Smith, as permanent administrators of the estate. The administrators have qualified. It is further averred that the personal estate is much more than $1,000,000 in value, and is far in excess of what would be necessary to pay all the debts against the estate, including expenses of administration. It is further alleged that at the time of his death the intestate owned real estate, located partly in the Northeastern division of the Southern district of Georgia, and

partly in the Northern district of Georgia, and at other points in the state. A list of this realty is attached. Petitioners allege that these lands are worth approximately $1,000,000, and that the title to the lands vested in the plaintiffs upon the death of the intestate. They are entitled to possession, subject to the right of the administrators to administer, should the necessity arise They allege that the administrators all reside in the Northern district of Georgia, and, while not indispensable parties, are proper parties to the bill They pray that by proper order each of the administrators be directed to appear, plead, answer, or demur on a day to be designated; they being persons in possession and in charge of the lands in question. The further prayer of the amendment is that the court decree that the plaintiffs own the lands described, and that they be entitled to recover possession from the administrators, together with the rents thereon, etc

Pending the hearing on the original bill, one Lonnie Bullard was made a party defendant by intervention. He is a citizen of Louisiana. The plaintiffs and Bullard now come, and "each and jointly move the court to strike said Lonnie Bullard, as a defendant, from said case." To the allowance of this amendment, the original defendants and proposed defendants object. The objection is on all grounds leveled at the jurisdiction of the court. It is first insisted that the Louisiana intervener, Lonnie Bullard, is an indispensable party, that without his presence the bill cannot proceed, and that, if he remains a party, the jurisdiction must be denied, for the reason that he is a citizen of the same state with the plaintiffs.

In support of the first contention Barney v. Baltimore City, 6 Wall. 280-291, 18 L. Ed. 825, is cited. There Mary Barney, a citizen of Delaware, filed a proceeding for the partition of real estate against the city of Baltimore, several citizens of Maryland, and Matilda and Ann Ridgley, who were citizens of the District of Columbia. It is pointed out in the opinion of the court, pronounced by Mr. Justice Miller, that citizens of the District of Columbia were not citizens of a state, within the meaning of the Judiciary Act, and could not become parties to the proceeding in the federal court, and from the nature of the proceeding the court must parcel out the share of the absent parties at interest without the opportunity for hearing from them. On account of the absence of these essential parties, the proceeding was dismissed.

Torrence v. Shedd, 144 U S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, is also cited for defendants, and was also a proceeding to enforce the partition of land. It had been filed in the state court, and was removed to the Circuit Court. There was a motion to remand, which was denied. There Torrence brought suit against Susan M. Shedd, John B. Brown, and 90 others for partition of a tract of land, to an undivided one-third of which Torrence claimed a title under a deed by Edward Sorin. The court, through Mr. Associate Justice Gray, points out that the object of the suit was not merely the establishment of the title of the plaintiff in an undivided share of the land, but it was the partition of the whole land and the conveyance of his undivided share into the entire estate in a proportional part, as well as the establishment of his title against all the defendants.

Hooe v. Jamieson, 166 U. S. 395–399, 17 Sup. Ct. 596, 597, 41 L.

Ed. 1049, is also cited in support of the objection to jurisdiction. There were citizens of the District of Columbia, and one a citizen of the state of Minnesota, who brought an action for lands in the Western district of Wisconsin. Holding anew that citizens of the District of Columbia could not sue in a federal court, Mr. Chief Justice Fuller, rendering the opinion, observed:

"In the case at bar no application was made for leave to discontinue as to the three plaintiffs who were citizens of the District of Columbia, and to amend the complaint and proceed with the cause in favor of that one of the plaintiffs alleged to be a citizen of Minnesota. Jurisdiction of the case as to four plaintiffs could not be maintained on the theory that when the trial terminated it might be retained as to one."

The case of Horn v. Lockhart, 17 Wall. 579, 21 L. Ed. 657, was a suit brought in the Circuit Court of the United States by legatees in a will to compel an executor to account for moneys received by him in sales of property belonging to the estate of his testator and to pay to them their distributive shares. It was objected to the jurisdiction that two of the defendants were residents of Texas, the same state with the complainants. This, Mr. Justice Field, for the court, held—

"was met and obviated by the dismissal of the suit as to them. They were not indispensable parties; that is, their interests were not so interwoven and bound up with those of the complainants, or other parties, that no decree could be made without necessarily affecting them. And it was only the presence of parties thus situated which was essential to the jurisdiction of the court."

And, continued the learned Associate Justice:

"The question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether, to a decree authorized by the case presented, they are indispensable parties; for, if their interests are severable, and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained, and the suit dismissed as to them."

[1] In view of these authoritative holdings, what seems a conclusive reply to the contention that Lonnie Bullard, of Louisiana, who became a party defendant by intervention, is a party indispensable to a complete and final decree, is that Bullard himself, now, in the presence of the court, moves to strike his name from the record. He has heretofore filed an application to the same effect. There is no contention that this is collusively done. His existence is not disclosed by the original bill. He intervened voluntarily, and can voluntarily withdraw. His intervention must have been in subordination to the propriety of the main proceeding. Equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii); Hardenbergh v. Ray, 151 U. S. 118, 14 Sup. Ct. 305, 38 L. Ed. 93. For the court to hold him an indispensable party would be, in the absence of both pleadings and proof, to accord him a status for which he does not contend. This makes the issue here, on this point, wholly unlike the cases of partition, etc., where the court was obliged to perceive the interest, and the absence of parties, whose presence is necessary to final decree. Besides, the federal courts from an early period of their history have steadily held that, where the

real merits of the cause can be determined without affecting the interests of absent persons, though proper parties, the cause may proceed without them. A fortiori will this be done where such absent party has voluntarily disclaimed appearance. Volenti non fit injuria. See Thomas v Anderson, 223 Fed. 43, 138 C. C. A. 405; Einstein v. Georgia Southern & Florida Ry. (C. C.) 120 Fed. 1008–1010, affirmed on this ground by Circuit Court of Appeals, 218 Fed. 58, 133 C. C. A. 657.

Moreover, under the law of Georgia, the interest of Lonnie Bullard, if it exists, would be merely in common with the others whose rights rest on the same ground with his. Here there is no joint tenancy. Park's Annotated Code, §§ 3722, 3723; Blake v. Black, 84 Ga. 392, 11 S. E. 494.

As to the jurisdiction in a general sense, we must be controlled by the action and deliverance in this case of the Circuit Court of Appeals. It is true that the learned judges of that court reversed the action of this court in granting the extraordinary relief sought. The Circuit Court of Appeals, however, did not dismiss the bill for want of jurisdiction. Of course, had such want appeared, dismissal would have been promptly ordered. So far from doing this, the learned judge rendering the opinion, District Judge Grubb, observed:

"It (that is, the federal court in equity) cannot draw to itself the general administration of the estate of a decedent; nor can it adjudicate the claims of parties thereto, unless there is present the necessary diversity of citizenship and the requisite amount to confer jurisdiction. When jurisdictional requirements are present, the court stops with the adjudication as between such of the parties as have the jurisdictional qualifications. Having determined their claims to a share of the estate, the parties are remitted to enforce their claim, to the state jurisdiction, where the estate is being administered."

This view has the sanction of Waterman v. Canal-Louisiana Bank, 215 U. S. 33, on page 43, 30 Sup. Ct. 10, 12 (54 L. Ed. 80). There Mr. Justice Day, for the Supreme Court, announces:

"The general rule to be deduced from" the decisions "is that, inasmuch as the jurisdiction of the courts of the United States is derived from the federal Constitution and statutes, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the federal courts * * * the jurisdiction may be exercised, and is not subject to limitations or restrained by state legislation establishing courts of probate and giving them jurisdiction over similar matters."

The learned justice continues:

"This court has uniformly maintained the right of the federal courts of chancery to exercise original jurisdiction (the proper diversity of citizenship existing) in favor of creditors, legatees, and heirs to establish their claims and have a proper execution of the trust as to them"—citing many cases. 215 U. S. 43, 30 Sup. Ct. 10, 54 L. Ed. 80.

Justice Day, in concluding the discussion of the relief which in proper cases may be afforded by the United States court, remarks:

"It is to be presumed that the probate court will respect any adjudication which might be made in settling the rights of parties in this suit in the federal court."

He, however, significantly adds:

"It has been frequently held in this court that a judgment of a federal court awarding property or rights, when set up in a state court, if its effect is denied, presents a claim for federal right which may be protected in this [the Supreme] Court."

[2] Recurring to the opinion of the Circuit Court of Appeals in Smith v. Jennings, supra, we find this summation:

"Our conclusion in this respect is that the jurisdiction of the District Court could have been properly invoked, even had the state court of ordinary not first acquired jurisdiction, but for two purposes: (a) To preserve the assets of the estate, pending administration in a state court of competent probate jurisdiction, when they were shown to be in danger of waste or dissipation; and (b) to adjudicate claims of creditors or next of kin or heirs to share in the estate, where the necessary parties were citizens of different states, and the amount involved conferred jurisdiction in the federal court."

It is obvious that for the purpose so clearly expressed in section (b) of this ground of jurisdiction thus determined, the action of this court is now invoked. In a closing paragraph of the opinion, the general jurisdiction of the District Court in equity is reasserted as follows:

"The District Court, in a proper case, under the bill filed, if the necessary parties can be brought into court without defeating its jurisdiction by reason of there being no diversity of citizenship, has jurisdiction to entertain and determine the respective rights of citizens of different states, claiming an interest in the estate of the intestate. Whether, even for that purpose, the bill can be maintained successfully, in the absence of the permanent administrators as parties defendant to represent the estate, and, if not, whether they can be made parties to the pending bill upon their appointment, are questions that may require consideration. For these reasons, we will not direct the dismissal of the bill, but leave counsel to take such further steps, if any, as they may be advised." The cause was "remanded for further proceeding not inconsistent with this opinion."

[3] Counsel for the plaintiffs seek to avail their clients of the opportunity thus afforded. The permanent administrators have been appointed. This amendment is to make them parties to the bill, brought by the plaintiffs, and pending in the Northeastern division of the Southern district of Georgia at the time of their appointment. True, the administrators reside in another judicial district, that is, the Northern district of Georgia; but they reside in Georgia. In section 52 of Hopkins' Judicial Code, Annotated, we find the following:

"When a state contains more than one district, * * * if there are two or more defendants residing in different districts, it [the suit] may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing duplicate writ shall indorse thereon that it is a true copy of a writ issued from the court of the proper district and such original and duplicate writs, when executed and turned into the office from which they issued, shall constitute and be proceeded on as one suit. and, upon any judgment or decree rendered thereon, execution may be issued directed to the marshal of any district in this same state."

Now, from the original bill it appears that Zadoc Smith and several of the defendants, who are claiming adversely to complainants as to the entire estate, reside in and are citizens of the Southern district.

That they have a substantial interest is equally apparent. They were originally sued. This, under the authority of equity rule 37 (superseding the old rule No. 49):

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant, who has, or claims, an interest adversely to the plaintiff." 198 Fed. xxviii, 115 C. C. A. xxviii.

Then follows this significant clause:

"Any person may at any time be made a party if his presence is necessary, or proper, to a complete determination of the cause."

As appears from the record, the adverse claims of the plaintiffs who live in Louisiana and of the defendants who live in the Southern district of Georgia are the substantial thing to which the jurisdiction of the court initially attaches; but, as strongly intimated in the opinion of the Circuit Court of Appeals in this case, supra, the permanent administrators are proper, if not necessary, parties. That they may be added by amendment, with the permission of the court, seems undeniable. New equity rule 28 (198 Fed. xxvi, 115 C. C. A. xxvi); Beecher's Federal Rule Book, Annotated, page 323. Thus amended, this becomes, in part at least, a suit to enforce a legal or equitable claim to the real property within the Southern district of Georgia. To that extent it is a suit of a local nature, and seems to be controlled by section 57 of the Judicial Code. This provides:

"And when a part of said real or personal property, against which such proceedings shall be taken, shall be within another district, but within the same state, such suit may be brought in either district in said state."

The court, however, does not understand that, by the amendment particularly emphasizing the fact that this is a suit of a local nature, the plaintiffs abandon the purpose of the original bill. This was to have adjudicated, in a court to which the Constitution of the United States gives them access, their right to be declared the next of kin and the heirs entitled to the entire estate of the decedent. The original bill was brought against citizens and residents of the Southern district of Georgia. It had features which were apparently intended to be protective of the large interests involved; but the gravamen of the bill was the contest over the heirship. This remains. Permanent administrators, who were, individually, parties to the original bill, have now been appointed. Their appointment, as we have seen, could not have the effect to divest the court of its jurisdiction.

For these reasons, and others which might be given, the amendment by which they are made parties will be allowed. Lonnie Bullard, as an intervener, on his own motion, will be stricken, and the cause will proceed as usual in equity.