CHARLESTON NAT. BANK OF
CHARLESTON, W. VA., v.
OBERREICH et al.

No. 1628.

District Court, E. D. Kentucky.

Aug. 14, 1940.

LeWright Browning, of Ashland, Ky., and Herbert L. Garney, of Charleston, W. Va., for complainant.

Davis Harrison, of Indianapolis, Ind., for defendants.

William J. Maier, Jr., of Charleston, W. Va., for intervener.

SWINFORD, District Judge.

This case is before me on a motion by certain of the defendants to dismiss the bill of complaint.

The ground of the motion is that this Court is without jurisdiction of the parties. That there is not the diversity of citizenship required by Section 24 of the Judicial Code, 28 U.S.C.A. § 41 (1) (b).

The plaintiff, a resident of West Virginia, holds a mortgage on certain oil and gas leases on land in Johnson County, Kentucky. The defendant Louie H. Oberreich is the owner of the mortgaged property. The defendants Sue Evans Caperton and Woods A. Caperton, Jr., claim a right of subrogation to certain proceeds which might be expected to be derived from the property. Their interest as parties has nothing to do with the determination of the question here involved. These three persons, Oberreich and the two Capertons, were originally the only defendants and all were residents of Indiana.

The suit was brought in this court to foreclose the mortgage on the oil and gas leases, and for the appointment of a receiver to take charge of the property. The receiver was appointed. Thereafter the defendant Oberreich and the two Capertons filed their answers and joined in the plaintiff's prayer for a foreclosure of the mortgage.

Thereafter, one W. J. Maier, Jr., a citizen and resident of West Virginia, intervened in the proceeding and filed his answer and cross-complaint. The intervener set up an agreement entered into with the defendant Oberreich, owner of the mortgaged property.

The intervening petition, among other things, alleges:

"Pursuant to the authority so vested, the defendant Louie H. Oberreich, Trustee, entered into an agreement with intervener dated July 15, 1935, whereby said Trustee sold to intervener at the well heads all gas that might be produced from said property and intervener undertook to operate said property and to connect or cause to be connected to pipe line the major portion of the gas wells drilled thereon. Said agreement was made and executed with the knowledge, consent and approval of the complainant, The Charleston National Bank."

"At the time of the negotiations for said contract of July 15, 1935 between the intervener and the Trustee, complainant, The Charleston National Bank, not only approved the terms proposed for the operation of said property but urged intervener to proceed with his proposed arrangement for the marketing of the gas and repre-sented to intervener that it was not complainant's intention to foreclose said purported mortgage and that even in the event of such attempted foreclosure, complainant, which would have to purchase the property, would not disturb the arrangement for the operation thereof and the marketing of gas therefrom. Relying upon such representations and promises, intervener entered into said agreement of July 15, 1935 with said Trustee, negotiated and entered into said agreement of July 30, 1935 with W. E. Lockhart, Receiver of Inland Gas Corporation, arranged for the laying of said pipe lines, and made the expenditures for connecting said wells, installing said meters, and otherwise placing said property on an income-producing basis, as alleged in paragraph 11 hereof, and by reason of such representations of the complainant and the reliance of intervener thereon, intervener avers that complainant is estopped to seek the cancellation of said contracts or any of them, or to dispossess intervener of the operation of said property, or to have said property sold otherwise than subject to the obligations of said contracts."

Following the filing of this intervening petition the defendants Oberreich and the Capertons moved the Court to dismiss the proceeding on the ground that the presence of Maier as a party defendant destroyed the requisite diversity of citizenship and thereby deprived this court of jurisdiction. Alexander v. Hillman, 296 U.S. 222, 233, 56 S.Ct. 204, 80 L.Ed. 192.

When the motion to dismiss was originally made this Court, speaking through Judge H. Church Ford, said: "The sole question presented by the defendant's motion is whether intervention by Mr. Maier, a citizen of the same state as the complainant, has the effect of defeating the jurisdiction which originally rested upon complete diversity of citizenship.

"Unless Mr. Maier was an indispensable party to the original action, the question is clearly decided by the case of Wichita R. [& Light Co.] v. Public Utilities Comm., 260 U.S. 48 [43 S.Ct. 51, 53, 67 L.Ed. 124], in which Chief Justice Taft said:

" 'The intervention of the Kansas Company, a citizen of the same state as the Wichita Company, its opponent, did not take away the ground of diverse citizenship. That ground existed when the suit was begun and the plaintiff set it forth in the bill as a matter entitling it to go into

the District Court. Jurisdiction once acquired on that ground is not divested by a subsequent change in the citizenship of the parties. Mullen v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154; Clarke v. Mathewson, 12 Pet. 164, 171, 9 L.Ed. 1041; Koenigsberger v. Richmond [Silver] Mining Co., 158 U.S. 41, 49, 15 S.Ct. 751, 39 L.Ed. 889; Louisville [New Albany & Chicago] R. Co. v. Louisville Trust Co., 174 U.S. 552, 566, 19 S.Ct. 817, 43 L.Ed. 1081. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties. See Equity Rule 37 (33 S.Ct. XXVIII); Adler v. Seaman [8 Cir.], 266 F. 828, 841; King v. Barr [9 Cir.], 262 F. 56, 59; Jennings v. Smith [D.C.], 242 F. 561, 564. The Kansas Company, while it had an interest and was a proper party, was not an indispensable party. In re Engelhard [& Sons], 231 U.S. 646, 34 S. Ct. 258, 58 L.Ed. 416.'

■ "The doctrine is well established 'that persons who might otherwise be deemed necessary or proper parties to the suit cannot be made parties, by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction as to the parties before it, the court may, in its discretion, proceed in the cause without such persons parties, and in such case the decree shall be without prejudice to the rights of the absent parties.' Fisher v. Shropshire, 147 U.S. [133], 145 [13 S.Ct. 201, 205, 37 L.Ed. 109]; Judicial Code § 50; 28 U.S.C.A. § 111.

■ "It thus seems that the sole question confronting us in this case is whether Mr. Maier was an 'indispensable' party or merely a necessary or proper party."

I am of the opinion that Maier is an indispensable party.

■ The rule is well expressed and cases cited in 21 Words and Phrases, Perm.Ed., 180: "Indispensable parties are those who not only have an interest in the subject-matter of the controversy, but an interest of such nature that a final decree cannot be made without either affecting their interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Shields v. Barrow, 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158; Coiron v. Millaudon, 60 U.S. (19 How.) 113, 15 L.Ed.

575; Ribon v. Chicago, R. I. & P. R. Co., 83 U. S. (16 Wall.) 446, 450, 21 L.Ed. 367; Williams v. Bankhead, 86 U.S. (19 Wall.) 563, 571, 22 L.Ed. 184; Kendig v. Dean, 97 U.S. 423, 425, 24 L.Ed. 1061; Alexander v. Horner, 1 Fed.Cas. [No. 169] 366, 370; Chadbourne v. Coe [8 Cir.], 51 F. 479, 480, 2 C. C. A. 327; Donovan v. Campion [9 Cir.], 85 F. 71, 72, 29 C. C. A. 30; Sioux City Terminal R. & W. Co. v. Trust Co. of North America [8 Cir.], 82 F. 124, 126, 27 C. C. A. 73; King v. Commissioners' Court of Throckmorton County, 10 Tex. Civ.App. 114, 30 S.W. 257, 258."

The authorities cited by counsel for the complainant are good authority for the proposition that a junior lienor is not an indispensable party to a foreclosure suit. The case here goes much farther. · The allegations of the intervening petition speak for themselves. There was privity of contract·between the bank and Maier. Maier was in possession of the property and had made expenditures and contractual obligations at the insistence of the complainant.' The intervenor claims a right to the continued use and possession of the property until his rights are determined by a proper tribunal. Certainly there could be no adequate and complete termination of the issues presented by the record without fully considering the relation between the intervenor and the complainant.

The case of Tug River Coal & Salt Co. v. Brigel, 6 Cir., 86 F. 818, 822, after discussing the proposition that a junior lienor is not an indispensable party, very pointedly adds, "where the relief sought does not go beyond foreclosure against the mortgagor". In Bull v. Campbell, 8 Cir., 225 F. 923, 930, the court laid emphasis upon the fact that there was no possession of the property. I quote as follows: "But the failure to make subsequent grantees parties, especially when they are not in possession, would not deprive the court of jurisdiction."

And in Tyler v. Hamilton, C.C., 62 F. 187, 190, where there was possession, the court further pointed out as follows: "The leases were made subsequent and subject to the mortgages. The contract of leasing was wholly between the mortgagor and the lessee. The mortgagor had no privity with the lessee. It did not assent to the leases, and its rights were not affected thereby."

I think a careful analysis of all cases along this line will indicate a distinct difference from the facts here in the light of

332

the allegations contained in the intervening petition.

It is true that the contract does not preclude the right of foreclosure but that is not the question. There is more than a foreclosure involved and the intervenor is an indispensable party to a full and adequate determination of the questions presented. Nothing interferes with the mortgagee's right to foreclose, but he must foreclose in the court of proper jurisdiction and where by actions of the mortgagee the right to the possession of the property is in a citizen of West Virginia, which is also the mortgagee's residence, Federal jurisdiction is denied.

Motion to dismiss is sustained.

Proper orders should be submitted in accordance herewith.